## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND v. DENNIS CON McGONIGLE

[Misc. (BV) No. 15, September Term, 1981.]

*Decided January 24, 1983*

· The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Melvin Hirshman, Bar Counsel,* with whom was *Kendall R. Calhoun, Assistant Bar Counsel,* on the petition, for petitioner.

No appearance on behalf of respondent.

PER CURIAM

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for Disciplinary Action, pursuant to Maryland Rule BV9, against Dennis Con McGonigle, alleging that he violated Disciplinary Rule 1-102(A) of the Code of Professional Responsibility, which provides, insofar as pertinent, as follows:

"DR 1-102 Misconduct.

(A) A lawyer shall not:

    (1) Violate a Disciplinary Rule.

    (2) . . .

    (3) Engage in illegal conduct involving moral turpitude.

    (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

    (5) Engage in conduct that is prejudicial to the administration of justice.

    (6) Engage in any other conduct that adversely reflects on his fitness to practice law."

The matter was referred to Judge Bruce C. Williams of the Circuit Court for Anne Arundel County to make findings of fact and conclusions of law pursuant to Maryland Rule BV10. After an evidentiary hearing, Judge Williams made the following findings of fact and conclusions of law.

"1. On or about the 28th day of July, 1976, the Respondent was formally charged in the District Court of the Fourth Judicial District for the County of El Paso, State of Colorado, with one count of the intent to promote and facilitate the commission of the crime of the sale of narcotic drugs, to wit, Conspiracy to Commit Sale of Narcotic Drugs, as defined by C.R.S. 1973 of the Colorado Code, as amended, Sections 12-22-302 and 12-22-322, and one count of feloniously selling heroin, a derivative of opium, a narcotic drug, to wit, the Sale of Narcotic Drugs (through one of his inmate-clients at the Colorado State Penitentiary), in violation of S.R.S. 1973 of the Colorado Code, as amended, Sections 12-22-302 and 12-22-322 (2) (B).

"2. On May 31, 1977, the Respondent pled guilty in open court to Count 2 of said Indictment mentioned above, to wit, the sale of narcotic drugs.

"3. The crime of the sale of narcotic drugs is a felony under the criminal laws of the State of Colorado punishable

by imprisonment in the State penitentiary for not less than two (2) or more than fifteen (15) years for a first offense and a fine of not more than Ten Thousand Dollars ($10,000).

"4. The Respondent was given a probationary sentence of five (5) years, a fine of Six Thousand Dollars ($6,000) and was further ordered to pay restitution in the amount of Two Thousand One Hundred Dollars ($2,100).

"5. The Respondent has exhausted all the rights he had to appellate review of his conviction and/or has been barred by the passage of time from seeking any or further appellate review of his conviction.

"6. The Respondent was disbarred en banc from the practice of law in Colorado by the Supreme Bench of the State of Colorado on September 4, 1979.

"Conclusions of Law

"1. Pursuant to Rule BV10 e 1, the final judgment of conviction is conclusive proof of the guilt of the Respondent of the crime of the sale of narcotic drugs.

"2. By virtue of his conviction of the crime of the sale of narcotic drugs, the Respondent has violated the following Disciplinary Rules: Disciplinary Rule 1-102 (A) (1), (3), (4), (5), and (6)."

Respondent did not except to any of Judge Williams' findings. Bar Counsel has recommended that respondent be disbarred.

After carefully considering the matter, we accept the findings of Judge Williams. There being no compelling extenuating circumstances in this case, we conclude that disbarment is the appropriate sanction. *See Attorney Griev. Comm'n v. Edwards,* 284 Md. 687, 399 A.2d 264 (1979);

*Maryland St. Bar Ass'n v. Rosenberg*, 273 Md. 351, 329 A.2d 106 (1974).

> *It is so ordered; respondent shall pay all costs as taxed by the Clerk of this Court, including the costs of all transcripts, pursuant to Maryland Rule BV15 c for which sum judgment is entered in favor of the Attorney Grievance Commission against Dennis Con McGonigle.*