589 A.2d 53

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Ruben Irvin HAMBY.**

**Misc. (Subtitle BV) No. 32, Sept. Term, 1990.**

Court of Appeals of Maryland.

April 26, 1991.

John C. Broderick, Asst. Bar Counsel for Atty. Grievance Com'n of Md.

William A. Lee Clarke, III, Salisbury, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ., and EDWARD A. DeWATERS, Jr., Judge, Specially Assigned.

MURPHY, Chief Judge.

Ruben Irvin Hamby, a member of the Maryland Bar since 1986, was charged by the Attorney Grievance Commission, acting through Bar Counsel, with violating Rule 8.4(b) and (d) of the Rules of Professional Conduct, which provides:

"It is professional misconduct for a lawyer to:

\* \* \* \* \* \*

"(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

\* \* \* \* \* \*

"(d) engage in conduct that is prejudicial to the administration of justice."

Pursuant to Maryland Rule BV9 b, we referred the matter to Judge Warren B. Duckett, Jr. of the Circuit Court for Anne Arundel County to make findings of fact and conclusions of law.

After a hearing, Judge Duckett found that on November 26, 1987, Hamby, upon being observed by a uniformed police officer as he stood near a bank window, ran from the officer and attempted to discard "a hypodermic syringe with needle intact." Hamby resisted the officer's efforts to arrest him; those efforts included attacking the officer with the syringe, after which "a wrestling match ensued until the officer received assistance from three other officers." The evidence showed that Hamby's syringe contained cocaine.

On December 16, 1988, Hamby pleaded guilty in the Circuit Court for Howard County of possessing cocaine and drug paraphernalia in violation of Maryland Code (1987 Repl.Vol.), Article 27, §§ 287 and 287A, resisting arrest, and assault and battery upon an officer. On February 7, 1989,

the court stayed the entry of judgment against Hamby pursuant to Code, Article 27, § 641. Hamby was placed on five years' probation and required, as a condition of probation, to serve 200 hours of community service, and to participate in a program established by Richard Vincent, Director of Lawyer Counseling Services of the Maryland State Bar Association.

Judge Duckett found from the evidence that Hamby had attended an in-patient treatment program for alcohol abuse in 1983. The evidence further showed that Hamby began injecting cocaine at age 16; and "had tried everything including heroin, methadone, LSD and marijuana." Judge Duckett found, and Hamby acknowledged, that he was addicted to the use of cocaine and was a recovering alcoholic.

Judge Duckett concluded that Hamby had violated Rule 8.4(b) and (d). He said that the evidence was uncontradicted that Hamby "has embarked [upon] and is continuing an energetic seven day a week remedial program regarding his obvious impairment and abuse of controlled dangerous substances"; that the remedial program "includes Alcoholics Anonymous and Narcotics Anonymous meetings on a daily basis, weekly sessions with Dr. Joseph Chambers, a psychiatrist, and additional weekly meetings with Richard B. Vincent."

Bar Counsel took no exceptions to Judge Duckett's findings. Pointing to Hamby's long history of criminal involvement with numerous controlled dangerous substances, he suggests that Hamby's use of cocaine was in its most potent and abhorrent form—intravenous injection. Moreover, Bar Counsel invites our attention to the fact that Hamby displayed "an outrageous disregard for the duties and authority of the police officer" who arrested him. Bar Counsel urges that a one year suspension from the practice of law would be an appropriate sanction for Hamby's misconduct, with reinstatement being conditioned upon Hamby's continuing treatment under the supervision of Mr.

Vincent, and total abstinence from all mood influencing substances.

Hamby excepted to that part of Judge Duckett's findings that he had violated Rule 8.4(d). He did so on the ground that he was not properly charged by Bar Counsel with violating this rule because the Review Board did not specify that Bar Counsel should file this charge, as required by Rule BV9 (a).

On the matter of sanction, Hamby states that since the day after his arrest in 1987, he has maintained daily contact with Mr. Vincent and fulfilled all of Vincent's stringent requirements for the rehabilitation of chemically dependent attorneys. Hamby says that since his arrest, he has remained abstinent from drugs and alcohol; that he has maintained daily contact with Mr. Vincent; that he has performed almost 300 hours of community service; that he has submitted to random tests for drugs and alcohol, all of which have been negative; that he has and continues to undergo therapy on a weekly basis with Dr. Chambers; and that he continues to attend and participate actively in self-help recovery groups such as Narcotics Anonymous and Alcoholics Anonymous. Hamby further states that he is actively practicing law as a full-time sole practitioner, and has completed over 40 hours of continuing legal education during the past two years. Under these circumstances, and because he has evidenced, for more than three years since his arrest, that he "will do everything necessary to recover from chemical dependency," Hamby suggests that he be allowed to continue to practice law, subject only to the continued supervision of Mr. Vincent (which is already a condition of his probation until 1994).

Before us, Hamby's counsel repeatedly stressed that Hamby has fully rehabilitated himself from the scourge of controlled dangerous substances and alcohol and that a suspension from practice would not serve the public interest. At our request, Mr. Vincent addressed the Court during oral argument of Hamby's exceptions. He said that Hamby has participated to the fullest degree in the vigor-

ous rehabilitation program prescribed by him and that he is now totally drug free and abstinent from alcohol. Vincent confirmed his testimony at the hearing before Judge Duckett that five years of continuous abstinence from drugs and alcohol marks the point at which continual abstinence is the norm for people recovering from chemical dependency.

There is no merit to Hamby's exception to Judge Duckett's findings. Rule BV9 a specifies that charges against an attorney "shall be filed by the Bar Counsel acting at the direction of the Review Board." That Bar Counsel charged Hamby with violations of Rule 8.4(b) and (d) does not violate this rule; the charges were plainly related and within the authority vested in Bar Counsel under the Rule.

■■■■ The purpose of disciplinary proceedings against an attorney is to protect the public rather than to punish the erring attorney. *Attorney Griev. Comm'n v. Kolodner,* 316 Md. 203, 557 A.2d 1332 (1989); *Attorney Griev. Comm'n v. Kahn,* 290 Md. 654, 431 A.2d 1336 (1981). In considering the protection of the public, the severity of the sanction to be imposed depends upon the totality of the facts and circumstances of each case. *Attorney Griev. Comm'n v. Proctor,* 309 Md. 412, 524 A.2d 773 (1987). In this regard, we have said time and again that a court has the duty, since attorneys are its officers, to insist upon the maintenance of the integrity of the Bar and to prevent transgressions of an individual lawyer from bringing its image into disrepute. *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 318 A.2d 811 (1974). Thus, Hamby is wrong in his perception that the imposition of a disciplinary sanction upon him will not further the public interest. On the contrary, the imposition of a sanction for misconduct does protect the public interest because it demonstrates to members of the legal profession the type of conduct which will not be tolerated. *See Attorney Griev. Comm'n v. Kerpelman,* 288 Md. 341, 420 A.2d 940 (1980); *Maryland St. Bar Ass'n v. Callanan,* 271 Md. 554, 318 A.2d 809 (1974).

■ We share Bar Counsel's assessment of the seriousness of Hamby's misconduct. We are also impressed by Hamby's progress in rehabilitating himself from drug and alcohol addiction, as so forcefully related to us by Mr. Vincent. Nevertheless, we shall suspend Hamby from the practice of law indefinitely, with the right to apply for reinstatement after ninety days from the filing of this opinion, if Hamby agrees to comply with the following conditions:

1) He shall remain abstinent from alcohol and controlled dangerous substances, and participate in such activities as may be prescribed for him by the Director of the Lawyers' Counseling Service of the Maryland State Bar Association, including his attendance at meetings of Alcoholics Anonymous and Narcotics Anonymous.

2) Prior to the termination of his indefinite suspension, Hamby shall pay all costs of these proceedings.

These conditions are subject to further order of the Court. A breach of any of these conditions, should Hamby agree to them, will constitute grounds for the renewal of his indefinite suspension.

IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF TRANSCRIPTS PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST RUBEN IRVIN HAMBY.