747 A.2d 657

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Cary David DECHOWITZ.**

**Misc. (Subtitle AG) No. 18, Sept. Term, 1999.**

Court of Appeals of Maryland.

March 10, 2000.

Delores O. Ridgell, Assistant Bar Counsel (Melvin Hirshman, Bar Counsel) for the Attorney Grievance Commission of Maryland, for petitioners.

No argument on behalf of Respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL and HARRELL, JJ.

PER CURIAM.

The Attorney Grievance Commission of Maryland (the "Commission" or Petitioner), through Bar Counsel and pursuant to Maryland Rule 16–709,[1] filed a Petition for Disciplinary Action against Cary David Dechowitz (Respondent) as a result of his conviction in the United States District Court for the Northern District of California of one count of possession with intent to distribute marijuana. The Commission asserted here that Respondent's conviction, and the underlying conduct, placed him in violation of the Maryland Rules of Professional Conduct (RPC). *See* Maryland Rule 16–812. More specifically, Respondent was charged with violating RPC 8.4(b),(c), and (d).[2]

---

1. Rule 16–709, as relevant, provides:
   a. Who may file. Charges against an attorney shall be filed by the Bar Counsel acting at the direction of the Review Board.

2. RPC 8.4. Misconduct.
   It is professional misconduct for a lawyer to:
   * * * * *
   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

We referred the matter to the Honorable Philip T. Caroom of the Circuit Court for Anne Arundel County to make findings of fact and conclusions of law pursuant to Maryland Rule 16–711(a).[3] On 18 August 1999, the Commission and Respondent filed, with Judge Caroom, a Joint Motion For Adoption Of Proposed Findings Of Fact And Conclusions Of Law, asking him to adopt the referenced findings of fact and conclusions of law and to forward same to this Court for its consideration. Judge Caroom adopted the parties' submission and, on 23 August 1999, filed the stipulated written Findings Of Fact And Conclusions Of Law, which provided as follows:

## I. *FINDINGS OF FACT*

A. The Petitioner submitted the following documentary exhibits:

1. Judgment in Criminal Case 3:97CR00111–001, United States District Court for the Northern District of California and Information; 2. Transcript of Proceedings held June 6, 1997; 3. Letter dated March 4, 1997 containing the terms of the Respondent's plea agreement and the Statement of Facts constituting the government's case against Respondent; 4. Docket entries; 5. Pretrial minutes.

The Respondent was admitted to the Maryland Bar on December 29, 1976. He is also a member of the Bar of the District of Columbia and the State of California. During times relevant to this matter, the Respondent resided in San Francisco and practiced only in the State of California.

---

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice ...

**3.** Rule 16–711(a) provides: "A written statement of the findings of facts and conclusions of law shall be filed in the record of the proceedings and copies sent to all parties."

On or about February 6, 1997, the Respondent was arrested while attempting to mail a parcel to an individual in Frederick, Maryland. The parcel contained approximately 8 ounces of marijuana. A search of his residence following his arrest resulted in the seizure of approximately 12 ounces of marijuana. Also seized were handwritten drug purchase and sales records that showed sales of marijuana and cocaine made by the Respondent between September 20, 1996 and February 4, 1997, with a total of 150 ounces of marijuana and 62.3 grams of cocaine. These records also showed that at least 74 ounces of marijuana and 15 grams of cocaine were sold to individuals in Maryland during that period.

On or about June 6, 1997, the Respondent entered a plea of guilty in the United States District Court for the Northern District of California to one count of violating Title 21 U.S.Code Section 841, possession with intent to distribute marijuana. The Respondent was sentenced to a period of 12 months incarceration, to be served in a half-way house. The sentence commenced on or about January 19, 1998. The Respondent's incarceration was to be followed by a period of 3 years supervised probation. No appeal was taken.

B. The Respondent has provided as part of his Response to Writ of Summons information in mitigation of the sanction to be imposed by the Court of Appeals. Based on this information this Court finds clear and convincing evidence of the following:

The Respondent has completed his sentence and is currently serving the 3 year period of supervised release. The Respondent has also abstained from the use of alcoholic beverages and has not used or possessed any narcotics, dangerous or restricted drugs, control substances, marijuana or associated paraphernalia, except for valid prescription. He has attended at least three meetings per month of Alcoholics Anonymous or drug education and treatment classes through Cornell Corrections, Inc.

He has maintained a current address and telephone number with the Probation Unit of the Office of the Chief Trial Counsel. He has provided the results of four to six drug screenings per month which have never indicated positive findings for any and all controlled substances or for alcohol.

Following his arrest and guilty plea, the Respondent's right to practice law in California was suspended by Order of the Review Department of the State Bar of California, effective August 20, 1997, pending further disposition. The United States District Court for the Northern District of California ordered his suspension on November 12, 1997, pending further order of that Court.

On November 24, 1998, an Order in the Matter of In Re Cary David Dechowitz on Discipline was filed in the Supreme Court of the State of California. This Order placed the Respondent on actual suspension from the practice of law in the State of California for 18 months and until he had shown proof of rehabilitation, fitness to practice, and learning and ability in the general law, with 5 years probation with conditions, and with the requirement that he pass the Multistate Professional Responsibility examination. The Respondent was given credit toward the period of actual suspension for the period of his interim suspension which commenced on August 20, 1997.

Since the commencement of the Respondent's suspension from the practice of law in the State of California, he has abided by all the terms and conditions of probation as recommended by the Hearing Department of the State Bar of California. He has complied with the provisions of the State Bar Act and the Rules of Professional Conduct of the State of California. He has submitted quarterly reports to the Probation Unit of the Office of the Chief Trial Counsel. He has attended the State Bar Ethics School and passed the test given at the end of that session. He has registered to take the Multistate Profes-

sional Responsibility examination to be given on August 13, 1999.

On June 17, 1999, an Order of Suspension was filed in the United States District Court for the Northern District of California suspending the Respondent from the practice of law from the United States District Court for Northern District of California for the duration of his actual suspension from the practice of law in the State of California. He has been granted leave to petition that Court for reinstatement upon the showing that he has been reinstated to the State Bar of California and that he has completed all requirements of his probation as set out by the State Bar of California.

On March 18, 1998, the Court of Appeals of Maryland issued an Order suspending the Respondent from the practice of law in this State until further Order.

## II. *CONCLUSIONS OF LAW*

The judgment entered by the United States District Court for the Northern District of California on October 10, 1997 is conclusive evidence of the Respondent's conviction of violating 21 U.S.C. § 841, pursuant to Rule 16–710e. This Court therefore finds that there is clear and convincing evidence that the Respondent possessed marijuana with the intent to distribute in violation of Federal law. The Court of Appeals has previously held that the acts constituting this offense also violate the Maryland Rules of Professional Conduct as alleged in the Petition for Disciplinary Action, and this Court finds by clear and convincing evidence that the Respondent committed a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of Rule 8.4(b), engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of 8.4(c), and engaged in conduct that is prejudicial to the administration of justice in violation of 8.4(d). *See, Attorney Grievance Commission v. Hamby,* 322 Md. 606, 589 A.2d 53 (1990[1991]), *Attorney Grievance Commission v. Proctor,* 309 Md. 412, 524 A.2d 773 (1987),

and *Attorney Grievance Commission of Maryland v. McGonigle*, 295 Md. 264, 454 A.2d 365 (1983).

■ Not surprisingly, no exceptions were taken from Judge Caroom's findings of fact and conclusions of law. Petitioner has filed with us a Recommendation for Sanctions in which it recommends that Respondent be disbarred. In support of that recommendation, Petitioner points out that, unlike a case of mere possession of illegal substances where the sanction of suspension sometimes has been deemed appropriate by this Court,[4] Respondent's conduct involved a continuing course of clandestine criminal conduct whereby Respondent profited from the possession, sale, and distribution of illegal substances over a period of time. In effect, Respondent was a drug dealer. Thus, Petitioner asserts the present case is more akin to *McGonigle* where the Court held that disbarment was the appropriate sanction, absent compelling extenuating circumstances, when an attorney is convicted of the sale/distribution of narcotics. 295 Md. at 266, 454 A.2d at 367. Respondent has presented no such extenuating circumstances, Petitioner contends.

In his written response to the Petition for Disciplinary Action before Judge Caroom, Respondent asked that the same attorney disciplinary sanction be imposed in Maryland as was adopted by the State of California and the U.S. District Court for the Northern District of California: a period of suspension with the right to apply for reinstatement after certain conditions are met. The California suspension is to be followed by a period of probation during which Respondent would be monitored and subjected to drug testing by the Office of Chief Trial Counsel.[5]

---

4. *See Attorney Grievance Comm'n of Maryland v. Gilbert,* 356 Md. 249, 739 A.2d 1 (1999); *Hamby;* and *Proctor* (Court imposed a sanction of suspension where attorneys were convicted of possessing illegal substances).

5. Respondent alleged that he had complied successfully with the terms and conditions of his suspension for the twenty-two months preceding the filing on 1 July 1999 of his response to the Petition in the present

■ As Respondent admitted his conduct before Judge Caroom, and that that conduct violated RPC 8.4(b), (c), and (d), the only matter for us to decide is the appropriate sanction. In doing so, we keep in mind that

the purpose of sanctions is to protect the public, to deter other lawyers from engaging in violations of the Rules of Professional Conduct, and to maintain the integrity of the legal profession. The appropriate severity of a sanction depends upon the facts and circumstances of each particular case. In addition to the facts underlying the misconduct, the attorney's prior grievance history, as well as any mitigating factors, are part of the equation.

*Attorney Grievance Comm'n v. Atkinson*, 357 Md. 646, 656, 745 A.2d 1086, 1092 (2000) (citations omitted).

■ We are not bound to follow California's decision as to the appropriate sanction in this matter. We have explained that

[t]his Court has often imposed sanctions, in reciprocal discipline cases, of facially equal severity to those imposed by a sister state. Nevertheless, there is no requirement that this should be done; we need not impose the same sanction as that imposed by the other jurisdiction. In fact, this Court is duty-bound to assess for itself the propriety of the sanction imposed by the other jurisdiction and that recommended by the Commission. Indeed, we have stated the rule in reciprocal discipline cases to be:

When the Court considers the appropriate sanction in a case of reciprocal discipline, we look not only to the sanction imposed by the other jurisdiction but to our own cases as well. The sanction will depend on the unique

---

case. He also asserted that, as to the sentence in the criminal case, he had completed the term of commitment in a halfway house on 15 January 1999 and was serving the three year, supervised probationary period. Essentially, Respondent contended he was well along the course to rehabilitation and anticipated termination of his California license suspension shortly. He submitted, however, no extrinsic evidence supporting that optimistic assessment.

facts and circumstances of each case, but with a view toward consistent dispositions for similar misconduct.

*Attorney Grievance Comm'n v. Sabghir,* 350 Md. 67, 83, 710 A.2d 926, 934 (1998) (citations omitted).

■ We continue to agree with Petitioner's distinction, for sanctioning purposes, between conduct involving possession of narcotics and that involving actual distribution of narcotics. *See Proctor,* 309 Md. at 420, 524 A.2d at 776–77. In Maryland, the latter conduct generally results in disbarment. *See McGonigle, supra.* Agreeing with Petitioner as we do, and Respondent not having persuaded us with his mitigation evidence nor having demonstrated any extenuating circumstances regarding his criminal conduct (which is his burden), we shall adopt Petitioner's recommendation and respectfully decline to follow California's decision in the instant case. We order Respondent be disbarred from the practice of law in Maryland..

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715(c), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST GARY DAVID DECHOWITZ.

ELDRIDGE, J., dissenting:

The respondent is a resident of California. According to Judge Caroom's findings, the respondent "practiced only in the State of California." Both the State of California and the United States District Court for the Northern District of California imposed a suspension on the respondent. In light of these circumstances, as well as the underlying facts, I would impose an indefinite suspension with the right to apply for reinstatement to the Maryland bar after the respondent is fully reinstated in California.