## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND v. JOSEPH A. FINLAYSON, JR.

[Misc. (BV) No. 16, September Term, 1981.]

*Decided March 24, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Melvin Hirshman, Bar Counsel,* for petitioner.

*Ronald C. Hill* for respondent.

SMITH, J., delivered the opinion of the Court.

We shall attempt in this attorney disciplinary proceeding to use procedures directed at rehabilitation of the attorney which are similar to those we tried, albeit unsuccessfully, in *Attorney Griev. Comm'n v. Bailey,* 286 Md. 630, 408 A.2d 1330 (1979).

Bar Counsel, acting pursuant to the provisions of Maryland Rule BV9, filed a petition with us on behalf of the Attorney Grievance Commission seeking disciplinary action against Joseph A. Finlayson, Jr., a member of the Maryland Bar since June 22, 1970. The petition alleged five instances

of professional misconduct which essentially involved neglect. Pursuant to Rule BV9 b, we referred the matter for hearing to a judge of the Circuit Court for Prince George's County. He heard live testimony, and considered the transcript of the hearing before the inquiry panel and a deposition of Finlayson, both of which were admitted in evidence without objection by Finlayson.

In his findings of fact and conclusions of law the trial judge "note[d] that very little ha[d] been contested by either party in the way of factual allegations . . . ." The complaints cover instances between April 1978 and January 1981. He found clear and convincing evidence that Finlayson violated Disciplinary Rule 1-102 (A) (1) (a lawyer shall not violate a disciplinary rule); Disciplinary Rule 1-102 (A) (5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice); Disciplinary Rule 1-102 (A) (6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law); Disciplinary Rule 2-110 (A) (3) (concerning a lawyer's withdrawing from employment and his then responsibilities); Disciplinary Rule 6-101 (A) (3) (a lawyer shall not neglect a legal matter entrusted to him); and Disciplinary Rule 7-101(A) (relative to representing one's client zealously).

The trial judge set forth certain of Finlayson's background:

> "The Respondent, Joseph A. Finlayson, was born on March 14, 1933. He was admitted to the Bar in 1970 and obtained a JD Degree from the University of Baltimore in Baltimore, Maryland. He worked for a number of years for the Western Electric Corporation in the capacity of patent attorney, primarily located in Arlington, Virginia. He has apparent skill in the field of patent law. He has a Bachelor's Degree in Ceramic Engineering from Alfred University and a Bachelor's Degree in Chemical Engineering from Cornell University and

a Master's in Material Sciences from Alfred University in Alfred, New York.

   \* \* \*

"The Respondent is a confessed alcoholic. He is being treated for his condition by Richard Vincent, Director of the Lawyers' Counseling Program from the Maryland State Bar Association. The Respondent has spent twenty-eight (28) days in the Pilot House Program for alcoholics located in Pikesville, Maryland and is currently enrolled in the Alcoholics Anonymous program. The Court finds that Richard Vincent is a qualified expert in the field of treatment of alcoholics. All of the aforesaid factual findings relate to all of the specific cases hereinafter addressed by the Court."

The misconduct included not completing work relative to patents concerning which he was retained, not proceeding with dispatch in a divorce case, and failing to appear on a client's behalf in certain juvenile proceedings.

The trial judge concluded his report to us by saying in pertinent part:

"In summary, the Court finds that this Respondent had at one time been a very active and able member of the Bar. Somewhat due to his domestic problems, but primarily due to his becoming an out-and-out alcoholic, the Respondent was guilty of violating the aforementioned issues. The Court is informed that this is the very first case in the State of Maryland, and, therefore, a case of first impression, wherein the Director of the Lawyers' Counseling Program for the Maryland State Bar Association has appeared before the Court on behalf of an attorney in an Attorney Grievance proceeding. The Court, therefore, feels that his entire testimony should be considered . . . . A summation of

Mr. Richard Vincent's testimony is to the effect that Mr. Finlayson is an alcoholic. The problems described in the issues and findings of fact heretofore mentioned are typical of the problems of an alcoholic and more particularly, an alcoholic attorney. He further indicates that Mr. Finlayson has undergone treatment and has come to the realization that his problems as an attorney come about due to his problems as an alcoholic."

Finlayson freely admits that he is an alcoholic. He testified that he became a problem drinker about January 1979. He stated, however, that he has consumed no alcoholic beverages since June 29, 1981, at which time he came under the wing of the Special Action Committee on Lawyer Counseling of the Maryland State Bar Association. A friendly attorney, who represented him in this proceeding, has permitted Finlayson to make use of space in that attorney's office since Finlayson resumed practice on October 16, 1981. There had been a time prior to Finlayson's entry into the Maryland State Bar Association program when he was without a place from which to operate such law practice as he still had. During this period his motor vehicle was repossessed and he was evicted from the apartment which he occupied subsequent to the foreclosure of the mortgage upon his home. His problems, aside from alcohol, have continued, as indicated by the fact that his wife has a $13,000 claim against him for back child support and that he is indebted to the Clients' Security Trust Fund of the Bar of Maryland for sums it has paid to clients who suffered by virtue of his failure to perform after they had paid him substantial retainers.

The disease of alcoholism is such that those who say and believe that they are cured do not always remain so. The Director of the Maryland State Bar Association program testified that total abstinence is the only effective treatment for alcoholism. It is obvious that if Finlayson were to resume

drinking his clients might again suffer before the grievance procedure could remove him from practice. Therefore, for the public's protection, Finlayson must be indefinitely suspended from the practice of law in this State effective thirty days from the filing of this opinion.

We wish, however, to leave the door open to his rehabilitation as a useful and reputable member of the legal profession of this State. Accordingly, this suspension is without prejudice to Finlayson's right to apply immediately to us for reinstatement. In making such application he must understand that he will only be reinstated if he meets the following conditions:

(1) He shall participate in such activities as may be prescribed from time to time by the Director of the Lawyers' Counseling Program of the Maryland State Bar Association.

(2) He shall maintain active membership in and participation with Alcoholics Anonymous.

(3) He shall be associated with another member of the bar of this Court who shall monitor his activities as a practicing lawyer and report promptly to Bar Counsel should Finlayson fail to act promptly on behalf of his clients. That attorney's consent and an indication of his willingness to so act shall be appended to any petition for reinstatement.

(4) He shall pay the sums which he owes to the Clients' Security Trust Fund of the Bar of Maryland on such schedule as Bar Counsel shall from time to time specify, taking into consideration Finlayson's income and obligations, including his responsibilities under court decree to his wife and children.

(5) He shall pay all costs incurred in connection with this proceeding on such schedule as Bar

Counsel may specify once Finlayson's obligations to the Clients' Security Trust Fund have been liquidated, taking into consideration the same criteria we specified in the preceding condition.

Finlayson must understand that a breach of any one of the above conditions will be grounds for renewal of his indefinite suspension. It goes without saying that if Finlayson is reinstated and at any time believes Bar Counsel to be unreasonable in his monetary requirements, exceptions may be filed with us.

*It is so ordered; respondent shall pay all costs as taxed by the Clerk of this Court, including the costs of transcripts, pursuant to Maryland Rule BV15 c for which sum judgment is entered in favor of the Attorney Grievance Commission against Joseph A. Finlayson, Jr.*