482 A.2d 499

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Zane Gray NICHOLS.

Misc. (Subtitle BV) No. 6, Sept. Term, 1984.

Court of Appeals of Maryland.

Oct. 22, 1984.

Melvin Hirshman and Glenn M. Grossman, Bar Counsel and Asst. Bar Counsel for Attorney Grievance Com'n of Maryland, Annapolis, for petitioner.

David R. Cuttler, Glen Burnie, for respondent.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

PER CURIAM.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for Disciplinary Action against Zane Gray Nichols, alleging violations of the Code of Professional Responsibility. We referred the matter, pursuant to Maryland Rule BV9 b, to Judge James C. Cawood, Jr., Associate Judge of the Circuit Court for Anne Arundel County, to make findings of fact and conclusions of law.

Judge Cawood found that the Respondent had accepted retainer fees from two clients but completely neglected to act on their behalf; that he misrepresented to each of them the status of their cases; and that he thereby violated DR 1–102 (Misconduct), DR 2–110 (Withdrawal from Employment), DR 6–101 (Failing to Act Competently), and DR 7–101 (Representing a Client Zealously). Judge Cawood also found that the Respondent suffered from alcoholism; that, as to the misconduct charged in the disciplinary petition, the violations were proximately caused by the Respondent's alcoholism; that Respondent had ceased drinking and is presently receiving intensive counseling for his alcoholism; that he has been in communication with Richard Vincent, Director of the Lawyer's Counseling Program of the Maryland State Bar Association; that he is attending Alcoholics Anonymous on a daily basis; and that he is now practicing with an experienced practitioner.

Respondent took no exceptions to Judge Cawood's findings. Bar Counsel has recommended that Respondent be indefinitely suspended from the practice of law without prejudice to his right to apply for reinstatement, subject to the following conditions:

1. He shall participate in such activities as may be prescribed from time to time by the Director of the Lawyer's Counseling Program of the Maryland State Bar Association.

2. He shall maintain active membership and participation with Alcoholics Anonymous.

3. He shall be associated with another member of the Bar of this Court who shall monitor his activities as a practicing lawyer and report promptly to Bar Counsel should Mr. Nichols fail to act promptly or otherwise ethically on behalf of his clients. That attorney's consent and an indication of his willingness to so act shall be appended to any petition for reinstatement.

4. He shall pay all costs incurred in connection with this proceeding prior to reinstatement.

Respondent has expressed his agreement with Bar Counsel's recommendation.

After careful consideration of the record before us, we accept Judge Cawood's findings that a causal relationship existed between the Respondent's misconduct and his alcoholism. We shall order that Respondent be suspended indefinitely from the practice of law without prejudice to his right to apply for reinstatement upon the conditions above outlined. Respondent must understand that a breach of any one of the conditions will constitute grounds for renewal of the indefinite suspension. *See Attorney Griev. Comm'n v. Truette,* 299 Md. 435, 474 A.2d 211 (1984); *Attorney Griev. Comm'n v. Willemain,* 297 Md. 386, 466 A.2d 1271 (1983); *Attorney Griev. Comm'n v. Finlayson,* 293 Md. 156, 442 A.2d 565 (1982).

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST ZANE GRAY NICHOLS.