521 A.2d 746

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**William Ronald MITCHELL.**

**Misc. (Subtitle BV) No. 30, Sept. Term, 1985.**

Court of Appeals of Maryland.

March 4, 1987.

Melvin Hirshman, Bar Counsel, and Glenn M. Grossman, Asst. Bar Counsel for Attorney Grievance Com'n, of Maryland, for petitioner.

Thomas B. Wheeler, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

MURPHY, Chief Judge.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action against William Ronald Mitchell, alleging violations of the disciplinary rules of the Code of Professional Responsibility. We referred the matter, pursuant to Maryland Rule BV9 b, to Judge Leonard S. Jacobson of the Circuit Court for Baltimore County to make findings of fact and conclusions of law.

After conducting an evidentiary hearing, Judge Jacobson found that the Respondent had been convicted on August 27, 1985 of violating Maryland Code (1982 Repl. Vol.), Article 27, § 464A—the felony of second degree sexual offense—for which he received a suspended ten-year sentence and a five-year probationary period. According to the agreed statement of facts at the criminal trial, the Respondent, on June 1, 1983, performed a sexual act (fellatio) upon a thirteen-year-old boy, and that on four other occasions between June 1, 1983 and January 31, 1985 he engaged in like acts with the same juvenile.

At the disciplinary hearing, evidence was adduced that Respondent was a compulsive homosexual pedophiliac, that this was a psychiatric disorder for which the Respondent had undergone extensive treatment, but that his behavior in this regard was impulsive and beyond his power to control. Judge Jacobson found from the testimony that Respondent suffered from " 'manic depressive reaction disorder and compulsive homosexual pedophilia.' " He concluded that

under Maryland Rule BV10 e the Respondent's conviction of second degree sexual offense was conclusive proof of his guilt, that the offense was a felony which involved moral turpitude, and that Respondent had violated DR 1–102(A)(1) and (3).[1]

Respondent took no exception to Judge Jacobson's findings. He urged that we place him on inactive status as authorized by Maryland Rule BV11 b 4. Bar Counsel, while acknowledging that the Respondent's criminal behavior was causally related to his psychiatric disorder, recommends an indefinite suspension as the appropriate sanction to protect the public, to maintain the integrity of the Bar, and to demonstrate the intolerable nature of the Respondent's misconduct. Bar Counsel points out that Respondent's criminal conduct involved moral turpitude, that there is no evidence that the Respondent's disease is in remission, and that the circumstances are such as to render Respondent unfit for the practice of law.

Considering all the circumstances of the case, we agree with Bar Counsel's recommendation and shall forthwith indefinitely suspend the Respondent from the practice of law. *See Attorney Griev. Comm'n v. Flynn,* 283 Md. 41, 387 A.2d 775 (1978).

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST WILLIAM RONALD MITCHELL.

---

1. DR 1–102(A)(1) and (3) provide:
   "DR 1–102 Misconduct.
   (A) A lawyer shall not:
   (1) Violate a Disciplinary Rule.
        *   *   *   *   *   *
   (3) Engage in illegal conduct involving moral turpitude."

COLE, J., dissents with opinion.

McAULIFFE, J., concurs with COLE, J.

COLE, Judge, dissenting.

In this case, the Court imposes the sanction of indefinite suspension upon an attorney who has been convicted of a crime of moral turpitude having no relation to his ability to practice law. I believe the appropriate sanction is disbarment. I, therefore, dissent.

As I see it, this Court has employed three sanctions to remove attorneys from the practice of law. First, we have imposed the sanction of disbarment when an attorney has demonstrated his unfitness to be a member of the Bar by criminal misconduct that amounts to conduct of moral turpitude or by misconduct that shows a basic lack of character rendering the attorney's continued membership in the Bar of this State prejudicial to the administration of justice.

Second, when the professional misconduct of the attorney stems from a mental or physical malady that substantially impacts upon the attorney's ability to function as a responsible member of the legal profession, we have imposed the sanction of indefinite suspension. Our theory is that the attorney's illness mitigates his professional trangressions and that, if the illness or malady is treated and controlled, the attorney may at some future time be once again entrusted with the affairs of others. Stated differently, if the disability under which the attorney had labored is removed, the attorney presumably will be able to assume his professional responsibilities with competence.

Finally, when the attorney is incompetent and cannot function within professional standards because of age, infirmity or other physical or mental disability, we have placed him on inactive status to protect the public as well as the attorney himself.

In the instant case, the conduct that the Court finds opprobrious is that the Respondent was convicted of a second degree sexual offense for which he received a sus-

pended ten-year sentence subject to a five-year period of probation. Factually, the Respondent performed fellatio upon a thirteen-year-old boy on five separate occasions over a period of eighteen months. The facts elicited at the disciplinary hearing further showed that the Respondent was a compulsive homosexual pedophiliac who, despite psychiatric treatment, was unable to control his proclivity. Significantly, there was no evidence to demonstrate that Respondent's uncontrollable impulses interfered with his ability to maintain his law practice, that the subjects of his sexual attention were clients or the children of clients, or that the Respondent was engaged in the practice of juvenile or domestic relations law. In other words, there was no nexus, near or remote, connecting Respondent's criminal misconduct with his practice of law.

Nonetheless, this Court concludes that indefinite suspension is an appropriate sanction. I find this conclusion incredibly incongruous.

Clearly, we have said that an indefinite suspension should be imposed where professional misconduct has been "caused" by a mental or physical illness. *See Attorney Grievance Comm'n v. Willemain,* 305 Md. 665, 506 A.2d 245 (1986); *Attorney Grievance Comm'n v. Shaffer,* 305 Md. 190, 502 A.2d 502 (1986); *Attorney Grievance Comm'n v. Miller,* 301 Md. 592, 483 A.2d 1281 (1984); *Attorney Grievance Comm'n v. Aler,* 301 Md. 389, 483 A.2d 56 (1984); *Attorney Grievance Comm'n v. Nichols,* 301 Md. 172, 482 A.2d 499 (1984); *Attorney Grievance Comm'n v. Truette,* 299 Md. 435, 474 A.2d 211 (1984); *Attorney Grievance Comm'n v. Dunphy,* 297 Md. 377, 467 A.2d 177 (1983); *Attorney Grievance Comm'n v. Willemain,* 297 Md. 386, 466 A.2d 1271 (1983); *Attorney Grievance Comm'n v. Finlayson,* 293 Md. 156, 442 A.2d 565 (1982); *Attorney Grievance Comm'n v. Willcher,* 287 Md. 74, 411 A.2d 83 (1980); *Attorney Grievance Comm'n v. Flynn,* 283 Md. 41, 387 A.2d 775 (1978); *Attorney Grievance Comm'n v. Cooper,* 279 Md. 605, 369 A.2d 1059 (1977). Respondent's misconduct does not fall within this category. Nor does

Respondent fit the mold of one who is incompetent and cannot function because of a physical or mental impairment. Respondent is a convicted criminal whose misconduct has not affected his ability to practice law. However, because of the nature of his conduct—moral turpitude—his continuance as a practicing member of the Bar of this State is prejudicial to the administration of justice. Accordingly, Respondent should be disbarred.

Judge McAULIFFE has authorized me to state that he concurs with the views expressed herein.