Attorney Grievance Commission of Maryland v. Robert John Greenleaf, Misc. Docket AG No. 2, September Term, 2013

**ATTORNEY DISCIPLINE – SANCTIONS – DISBARMENT –** Court of Appeals disbarred lawyer who used employer's computer to solicit for sexual acts person whom lawyer believed to be fourteen-year-old or fifteen-year-old girl. Such conduct violated Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 8.4(b) (Criminal Act), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), 8.4(d) (Conduct Prejudicial to the Administration of Justice), and 8.4(a) (Violating MLRPC).

Argued: April 8, 2014

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 2

September Term, 2013

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

ROBERT JOHN GREENLEAF

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by Watts, J.

_____

Filed: May 16, 2014

This attorney discipline proceeding concerns a Maryland lawyer who solicited for sexual acts a person whom the lawyer believed to be under the age of consent.

Robert John Greenleaf ("Greenleaf"), Respondent, while serving as the Chief Deputy Clerk of the Court of Special Appeals of Maryland, used the Internet to solicit for sexual acts a law enforcement officer who was posing as a fourteen-year-old or fifteen-year-old girl. Greenleaf's actions came to the attention of the Attorney Grievance Commission ("the Commission"), Petitioner.

On March 14, 2013, in this Court, Bar Counsel filed a "Petition for Disciplinary or Remedial Action" against Greenleaf, charging him with violating Maryland Lawyers' Rule of Professional Conduct ("MLRPC") 8.4 (Misconduct). On March 18, 2013, this Court assigned this attorney discipline proceeding to the Honorable Paul M. Bowman ("the hearing judge") of the Circuit Court for Kent County.

On July 25, 2013, the hearing judge conducted a hearing. On September 19, 2013, the hearing judge filed in this Court an opinion including findings of fact and conclusions of law, concluding that Greenleaf had violated MLRPC 8.4(b) (Criminal Act), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), 8.4(d) (Conduct Prejudicial to the Administration of Justice), and 8.4(a) (Violating the MLRPC).

On April 8, 2014, we heard oral argument. For the below reasons, we disbar Greenleaf.

## BACKGROUND

In his opinion, the hearing judge found the following facts, which we summarize.

On November 8, 1979, this Court admitted Greenleaf to the Bar of Maryland.

Between 1987 and 2004, Greenleaf served as an Assistant State's Attorney for Dorchester County, an Assistant State's Attorney for Caroline County, an interim State's Attorney for Caroline County, and a Senior Assistant State's Attorney for Dorchester County. On January 6, 2004, Greenleaf became the Chief Deputy Clerk of the Court of Special Appeals. Greenleaf's office was located at the Robert C. Murphy Courts of Appeal Building.

On March 8, 2010, Detective Sergeant Louis Gary Yamin ("DS Yamin") of the Baltimore Police Department was working undercover for the Cyber and Electronic Crimes Unit. DS Yamin had a Yahoo Messenger account with the username "ravens_girl2003," which was connected to a Yahoo profile for a female named "Beth." On March 8, 2010, as "Beth," DS Yamin entered a Yahoo Messenger chat room entitled "Maryland Romance." In the chat room, a person with the username "delmarvan19901" initiated a private chat with "Beth," who almost immediately sent the message "14/f/balto. md[,]" which is Internet language for identifying oneself as a fourteen-year-old female in the Baltimore area. "delmarvan19901" began discussing sexual topics. "Beth" sent "delmarvan19901" two photographs that depicted a young teenage girl. "delmarvan19901" sent a photograph of himself.

In addition to sending the two photographs, "Beth" e-mailed "delmarvan19901," who sent a reply e-mail. DS Yamin learned that Greenleaf was using the IP address from which "delmarvan19901" had sent the reply e-mail. The IP address belonged to the Maryland Judiciary. DS Yamin matched the photograph that "delmarvan19901" had sent with a photograph of Greenleaf from the Motor Vehicle Administration's database.

Thus, it was established that while the Chief Deputy Clerk of the Court of Special Appeals, Greenleaf used a State-owned computer in the Robert C. Murphy Courts of Appeal Building to communicate with "Beth."

Greenleaf believed that "Beth" was a fourteen-year-old or a fifteen-year-old girl.[1] "Beth" repeatedly referred to her age and stated that she was a high school student. The hearing judge expressly rejected Greenleaf's allegation that he believed that "Beth" was an adult who was "role-playing" by posing as a fourteen-year-old or a fifteen-year-old girl.

On approximately one hundred fifty separate dates, Greenleaf and "Beth" e-mailed and/or chatted with each other. On nearly half of those dates, Greenleaf used his computer at the Robert C. Murphy Courts of Appeal Building to communicate with "Beth."

Greenleaf's and "Beth's" conversations were "consistently sexually explicit." For example, Greenleaf asked "Beth" to describe her pubic hair, sexual history, bra size, and whether she was taking birth control.[2] Greenleaf often discussed arranging a meeting with "Beth" and described the sexual acts in which he wanted to engage with "Beth." Greenleaf "groomed" "Beth" for sexual activity by telling "Beth" that she seemed more mature than a fourteen-year-old or fifteen-year-old girl.

---

[1]It is undisputed that Greenleaf was aware "Beth" had a birthday in May. The record reflects that on May 2, 2010, Greenleaf greeted "Beth" in a chat stating "hi birthday girl." The hearing judge found that May 20, 2010, was established to be "Beth's" fifteenth birthday.

[2]The record reflects that on March 19, 2010, Greenleaf asked: "Beth, do you want to have sex with me?"

In December 2010, on four separate occasions, Greenleaf sent "Beth" links to pornographic videos. Greenleaf last communicated with "Beth" on January 25, 2011. Finally, in January 2011, Greenleaf was arrested and was placed on administrative leave. On April 1, 2011, Greenleaf was permitted to retire from his position as the Chief Deputy Clerk of the Court of Special Appeals. On May 31, 2012, Greenleaf tendered an Alford plea[3] to a charge of attempting to violate Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol.) ("CR") § 11-203 (Sale or Display of Obscene Item to Minor). Greenleaf received probation before judgment.

## STANDARD OF REVIEW

In an attorney discipline proceeding, this Court reviews for clear error the hearing judge's findings of fact, and reviews without deference the hearing judge's conclusions of law. See Md. R. 16-759(b)(2)(B) ("The Court shall give due regard to the opportunity of the hearing judge to assess the credibility of witnesses."); Attorney Grievance Comm'n v. Reno, 436 Md. 504, 508, 83 A.3d 781, 783 (2014) ("[T]his Court reviews for clear error a hearing judge's findings of fact[.]"); Md. R. 16-759(b)(1) ("The Court of Appeals shall review de novo the [hearing] judge's conclusions of law."). This Court determines whether clear and convincing evidence establishes that a lawyer violated the MLRPC. See Md. R. 16-757(b) ("The [Commission] has the burden of proving the

---

[3]"An *Alford* plea [] lies somewhere between a plea of guilty and a plea of *nolo contendere*. Drawing its name from *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L.E.2d 162 (1970), such a plea is a guilty plea containing a protestation of innocence." Bishop v. State, 417 Md. 1, 19, 7 A.3d 1074, 1085 (2010) (internal quotation marks and some citations omitted).

averments of the petition by clear and convincing evidence.").

## DISCUSSION

### A. Findings of Fact

The Commission does not except to any of the hearing judge's findings of fact. Greenleaf excepts to the hearing judge's finding that he believed that "Beth" was a fourteen-year-old or a fifteen-year-old girl.[4]

We overrule Greenleaf's exception, as the hearing judge did not clearly err, or err at all, in finding that Greenleaf believed that "Beth" was a fourteen-year-old or a fifteen-year-old girl. The record unequivocally demonstrates that "Beth": (1) identified herself as a fourteen-year-old girl; (2) repeatedly referred to her age; (3) stated that she was a high school student; and (4) sent two photographs that depicted a young teenage girl.[5] Although Greenleaf told "Beth" that he thought she was a woman in her thirties, the hearing judge credited DS Yamin's opinion that Greenleaf made the statement as part of his grooming "Beth" for sexual activity, not because Greenleaf actually believed that "Beth" was a woman in her thirties. The record is replete with evidence sufficient to establish that "Beth" identified herself as a fourteen-year-old girl; and, thus, there was sufficient evidence for the hearing judge to have independently rejected Greenleaf's

---

[4]Greenleaf also excepts to the hearing judge's finding that he sent "Beth" links to pornographic videos. We do not rule on the exception because, in the analysis, we do not address the links to pornographic videos found to have been sent by Greenleaf.

[5]The two photographs had been taken of a woman who was approximately thirty-years-old; however, the two photographs had been digitally altered so that they depicted a young teenage girl. We do not disturb the hearing judge's express rejection of Greenleaf's allegation that he had believed that the two photographs depicted a woman who was approximately thirty-years-old.

claim to have believed Beth a "woman." Moreover, although a person must state that he or she is an adult to enter a Yahoo Messenger chat room, common sense dictates that a minor could enter a Yahoo Messenger chat room by falsely stating that he or she is an adult. We find no basis to disturb the hearing judge's express rejection of Greenleaf's allegation that he believed that "Beth" was an adult who was "role-playing" by posing as a fourteen-year-old or a fifteen-year-old girl.

In addition to excepting to certain findings of fact, in an apparent attempt to establish mitigating circumstances, Greenleaf alleges additional facts: (1) he performed well as the Chief Deputy Clerk of the Court of Special Appeals; (2) at the time of his misconduct, he had just returned from sick leave, and was "trouble[ed]" at work because he had been transferred to a secluded office that was away from other employees; (3) he completed "mental health counseling" as a condition of probation; (4) he "suffered ignominy" because of his misconduct; and (5) he "has shown remorse" for his misconduct. The hearing judge did not find that Greenleaf: (1) performed well as the Chief Deputy Clerk of the Court of Special Appeals; (2) suffered from any personal or emotional problems; (3) attempted any kind of rehabilitation; (4) endured any embarrassment; or (5) showed any remorse. As this Court stated in Attorney Grievance Comm'n v. Davy, 435 Md. 674, 694, 80 A.3d 322, 333-34 (2013):

> [A]bsent indications that [a] hearing judge did not consider purported evidence of mitigating factors, where a hearing judge omits the purported evidence of mitigating factors from [the hearing judge's] opinion, [this Court] may interpret the omission to mean that the hearing judge did not credit the purported evidence of mitigating factors.

(Citation and internal quotation marks omitted). Here, the hearing judge neither credited

nor rejected the alleged facts.[6] The record demonstrates that the hearing judge allowed Greenleaf to testify on his own behalf and proffer at length. We see no indication that the hearing judge did not consider Greenleaf's remarks. Given the nature of Greenleaf's proffer and testimony–*i.e.*, he performed well at work, he was in a secluded office, and he suffered embarrassment–it is evident that the hearing judge did not find this information to be mitigating. Even if the facts that Greenleaf alleges were accurate, it strains credulity that some of them–such as Greenleaf's work performance or his being moved to another office–would constitute mitigating factors. Thus, we do not adopt as mitigating factors the facts that Greenleaf alleges.

### B. Conclusions of Law

The Commission does not except to any of the hearing judge's conclusions of law. Greenleaf excepts to the hearing judge's conclusion that he violated CR § 3-324 (Sexual Solicitation of Minor).[7] We overrule Greenleaf's exception and uphold all of the hearing judge's conclusions of law as to the MLRPC.

### MLRPC 8.4(b) (Criminal Act)

"It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other

---

[6]Cf. Davy, id. at 694, 80 A.3d at 333 ("We do recommend that, in an opinion in an attorney discipline proceeding, a hearing judge discuss–and either credit **or** discredit–all purported evidence of mitigating factors." (Emphasis in original)).

[7]Greenleaf also excepts to the hearing judge's conclusions that he violated CR § 7-302 (Unauthorized Access to Computers and Related Material) and CR § 11-203 (Sale or Display of Obscene Item to Minor). We do not rule on the exceptions because, in our analysis, we rely solely on CR § 3-324.

respects[.]"  MLRPC 8.4(b).

Under CR § 3-324(b), "[a] person may not, with the intent to commit a violation of . . . [CR] § 3-307[,] . . . knowingly solicit . . . a law enforcement officer posing as a minor[] to engage in activities that would be unlawful for the person to engage in under . . . [CR] § 3-307[.]"  Under CR § 3-307(a)(4), "[a] person may not . . . engage in a sexual act with another if the victim is 14 or 15 years old, and the person performing the sexual act is at least 21 years old[.]"  Under CR § 3-307(a)(5), "[a] person may not . . . engage in vaginal intercourse with another if the victim is 14 or 15 years old, and the person performing the act is at least 21 years old."

Here, clear and convincing evidence supports the hearing judge's conclusion that Greenleaf violated MLRPC 8.4(b) by violating CR § 3-324(b).[8]  When he was at least twenty-one years old, Greenleaf knowingly solicited DS Yamin (who was posing as "Beth," a fourteen-year-old or fifteen-year-old girl) for sexual acts and/or vaginal intercourse; for example, Greenleaf asked: "Beth, do you want to have sex with me?"[9] Violating CR § 3-324(b) undeniably adversely reflects on a lawyer's fitness to continue to practice law.

---

[8]Greenleaf's Alford plea was to a charge of violating CR § 11-203.  That Greenleaf was not convicted of violating CR § 3-324(b) is of no consequence because a "conviction is not required to establish that an attorney violated M[L]RPC 8.4(b)[.]" Attorney Grievance Comm'n v. Tanko, 427 Md. 15, 47, 45 A.3d 281, 300 (2012) (citation omitted).

[9]Although Greenleaf believed that "Beth" was a fourteen-year-old or fifteen-year-old girl, CR § 3-324(b) does not require that a person believe that the person being solicited is a minor; instead, CR § 3-324(b) simply requires that the person being solicited is either "a minor[] or a law enforcement officer posing as a minor[.]"

We reject Greenleaf's ludicrous contention that he did not violate CR § 3-324(b) because he did not intend to violate CR § 3-307 by immediately engaging in intercourse with "Beth" "then and there[,]" but instead was "prepar[ing] for the *future*[.]" (Emphasis in original). CR § 3-324(b) simply requires that, at the time of the solicitation, a person intends to violate CR § 3-307 at some point in the future–even if the person does not intend to immediately violate CR § 3-307.

### MLRPC 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation)

"It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit[,] or misrepresentation[.]" MLRPC 8.4(c).

Here, clear and convincing evidence supports the hearing judge's conclusion that Greenleaf violated MLRPC 8.4(c) by using his computer at the Robert C. Murphy Courts of Appeal Building to communicate with "Beth." Greenleaf's use of the computer in the workplace during work time to violate CR § 3-324(b) constituted conduct involving dishonesty. The Court of Special Appeals would neither expect, condone, nor excuse the use of a court computer for the purpose of solicitation of a minor for sex. Such egregious conduct in violation of a criminal statute designed to protect children clearly involved dishonesty as to Greenleaf's appropriate use of time and equipment. Greenleaf could not have reasonably expected to disclose this activity and remain employed as the Chief Deputy Clerk of the Court, or, for that matter, employed in any capacity by the Court. That said, a lawyer may, at times, make incidental personal use of computer equipment in the workplace without violating MLRPC 8.4(c). Use of computer equipment on multiple occasions–for nearly half of the one hundred fifty dates spanning almost eleven months,

from March 8, 2010 through January 25, 2011–to commit the crime of solicitation a minor for sex involved dishonesty as to Greenleaf's employer, the Maryland Judiciary (specifically, dishonesty as to his workplace activities).[10] In sum, it is the extensive use of the computer over a protracted course of time and that Greenleaf clandestinely used the computer to commit a crime, the solicitation of a minor–*i.e.*, that he secretly committed an offense in the workplace for which he knew his employment could be terminated–that causes us to conclude that his conduct constituted dishonesty in violation of MLRPC 8.4(c).[11]

---

[10]Merriam-Webster's Dictionary defines "dishonesty" as a "lack of honesty or integrity" and a "disposition to defraud or deceive." Merriam-Webster's Online Dictionary (2014), <u>available at</u> <http://www.merriam-webster.com/dictionary/dishonesty>. Black's Law Dictionary, in turn, defines a "dishonest act" by reference to a "fraudulent act," which is described as "[c]onduct involving bad faith, dishonesty, a lack of integrity, or moral turpitude." Black's Law Dictionary 501, 687 (8th ed. 2004). In <u>Attorney Grievance Comm'n v. Dore</u>, 433 Md. 685, 708, 73 A.3d 161, 174 (2013), the Honorable Sally D. Adkins explained that dishonesty under MLRPC 8.4(c) does not require a specific intent to deceive, stating:

> [I]n the context of [MLRPC] 8.4(c), there is a distinction between fraud and deceit on the one hand, and dishonesty and misrepresentation on the other hand. . . . [W]e made clear that specific intent [to deceive] is not a necessary ingredient of dishonesty or misrepresentation.

(Citations and internal quotation marks omitted). In this case, although Greenleaf did not make a false statement, the record demonstrates that his conduct involved dishonesty, as Greenleaf was certainly not candid with his employer about his extensive nefarious activities in the workplace. Indeed, Greenleaf, on nearly one half of one hundred fifty occasions, used his employer's computer to commit a crime while holding himself out to his employer to be an employee who was using his time to perform the duties of the employer in the workplace.

[11]In an analogous case, in <u>Lawyer Disciplinary Bd. v. Markins</u>, 663 S.E.2d 614, 616 (W.V. 2008), an attorney violated West Virginia Lawyers' Rule of Professional Conduct ("WVLRPC") 8.4(c) (which is identical to MLRPC 8.4(c)) by accessing his (Continued...)

- 10 -

**MLRPC 8.4(d) (Conduct Prejudicial to the Administration of Justice)**

"It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice[.]" MLRPC 8.4(d). Generally, a lawyer violates MLRPC 8.4(d) where the lawyer's conduct negatively "impacts . . . the public's perception . . . of the courts or legal profession." Reno, 436 Md. at 509, 83 A.3d at 784 (citation and internal quotation marks omitted).

Here, clear and convincing evidence supports the hearing judge's conclusion that Greenleaf violated MLRPC 8.4(d). Greenleaf solicited for sexual acts a person whom he believed to be a fourteen-year-old or fifteen-year-old girl. Greenleaf was arrested and charged, and entered an Alford plea to a charge of attempting to violate CR § 11-203. Greenleaf's misconduct tarnished the public's perception of both the legal profession and Greenleaf's employer, the Maryland Judiciary.[12]

---

wife's work e-mail account without her permission or knowledge, as well as the work e-mail accounts of several of the wife's co-workers, after suspecting that his wife was engaging in an extramarital affair with one of her clients. As a result, the West Virginia Lawyer Disciplinary Board ("the Board") charged the attorney with violating WVLRPC 8.4(c) on the basis that the attorney "engaged in the repetitive unauthorized access of [the wife's and co-workers'] e-mail accounts by improperly using various e-mail account passwords[.]" Id. at 618. Following a disciplinary hearing, the Board found that the attorney violated WVLRPC 8.4(c), and the attorney did not except to that conclusion. Markins, 663 S.E.2d at 618-19. Because the attorney did not except to the Board's conclusion, the West Virginia Supreme Court of Appeals did not analyze the basis for concluding that the unauthorized access as a violation of WVLRPC 8.4(c), but instead accepted the conclusion and imposed the sanction recommended by the Board. Id. at 619-22.

[12]At oral argument, Judge Lynne A. Battaglia directed Greenleaf's attention to the hearing judge's conclusion that he had violated MLRPC 8.4(d). Greenleaf replied that, while engaged in contact with "Beth," he did not tell "Beth" that he was a lawyer or a judicial employee. As Judge Battaglia effectively pointed out, the public has nonetheless (Continued...)

- 11 -

**MLRPC 8.4(a) (Violating the MLRPC)**

"It is professional misconduct for a lawyer to . . . violate . . . the" MLRPC. MLPRC 8.4(a).

Here, clear and convincing evidence supports the hearing judge's conclusion that Greenleaf violated MLRPC 8.4(a). As discussed above, Greenleaf violated MLRPC 8.4(b), 8.4(c), and 8.4(d).

### C. Sanction

The Commission recommends that we disbar Greenleaf. Greenleaf asks that we reprimand him, "or, at worst," indefinitely suspend him from the practice of law with the right to apply for reinstatement after one year.

This Court sanctions a lawyer not "to punish the" lawyer, but instead "to protect the public and the public's confidence in the legal profession[.]" Attorney Grievance Comm'n v. Worthy, 436 Md. 633, 643, 84 A.3d 113, 119 (2014) (citation and internal quotation marks omitted). This Court protects the public by: (1) "deterr[ing]" other lawyers from engaging in similar misconduct; and (2) suspending or disbarring a lawyer who is "unfit to continue" to practice law. Attorney Grievance Comm'n v. Gerace, 433 Md. 632, 649, 72 A.3d 567, 577 (2013) (citation omitted).

In determining an appropriate sanction, this Court considers: "(a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the

learned that, while the Chief Deputy Clerk of the Court of Special Appeals, Greenleaf engaged in egregious misconduct, using Judiciary computer equipment in the Robert C. Murphy Courts of Appeal Building.

lawyer's misconduct; and (d) the existence of aggravating or mitigating factors."

American Bar Association, *Standards for Imposing Lawyer Sanctions* ("ABA

Standards") at III.C.3.0 (1992) (paragraph breaks omitted).[13]

> Aggravating factors include: (a) prior disciplinary offenses; (b) dishonest or selfish motive; (c) a pattern of misconduct; (d) multiple offenses; (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the [Commission]; (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process; (g) refusal to acknowledge wrongful nature of conduct; (h) vulnerability of victim; (i) substantial experience in the practice of law; (j) indifference to making restitution; [and] (k) illegal conduct[.]

ABA Standards at III.C.9.22 (paragraph breaks omitted).

> Mitigating factors include: (a) absence of a prior disciplinary record; (b) absence of a dishonest or selfish motive; (c) personal or emotional problems; (d) timely good faith effort to make restitution or to rectify consequences of misconduct; (e) full and free disclosure to [the Commission] or cooperative attitude toward proceedings; (f) inexperience in the practice of law; (g) character or reputation; (h) physical disability; (i) mental disability or chemical dependency including alcoholism or drug abuse when: (1) there is medical evidence that the [lawyer] is affected by a chemical dependency or mental disability; (2) the chemical dependency or mental disability caused the misconduct; (3) the [lawyer]'s recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely[;] (j) delay in disciplinary proceedings; (k) imposition of other penalties or sanctions; (l) remorse; [and] (m) remoteness of prior offenses.

ABA Standards at III.C.9.32 (paragraph breaks omitted).

This Court has disbarred lawyers who violated MLRPC 8.4(b) by committing

---

[13]"In determining an appropriate sanction," this Court often considers the ABA Standards.  Attorney Grievance Comm'n v. Gray, 436 Md. 513, 522, 83 A.3d 786, 791 (2014).

crimes that adversely reflected on the lawyers' fitness to continue to practice law, even if: (1) the lawyers did not violate MLRPC 8.4(c); and (2) this Court noted few (if any) aggravating factors. In Attorney Grievance Comm'n v. Sheinbein, 372 Md. 224, 261, 249-50, 812 A.2d 981, 1002, 995-96 (2002), without noting any aggravating factors, this Court disbarred a lawyer who committed the crime of obstructing and hindering a police officer by helping a murder suspect flee the country. Similarly, in Attorney Grievance Comm'n v. Painter, 356 Md. 293, 307, 305, 739 A.2d 24, 32, 31 (1999), this Court disbarred a lawyer who committed the crimes of battery and illegally transporting a handgun. The lawyer had abused his spouse and child. See id. at 305, 739 A.2d at 31. This Court stated: "[D]omestic violence is a serious problem in our society." Id. at 302, 739 A.2d at 29 (citation omitted). This Court noted one aggravating factor: a prior disciplinary offense, for which the lawyer received "a private reprimand[.]" Id. at 301, 739 A.2d at 29.

In another case in which a lawyer committed a crime, Attorney Grievance Comm'n v. Dechowitz, 358 Md. 184, 193, 186, 191, 747 A.2d 657, 661, 658, 660 (2000), without noting any aggravating factors, this Court disbarred a lawyer who committed the crime of possession of marijuana with the intent to distribute, and thus "was a drug dealer." In Dechowitz, id. at 192, 193, 747 A.2d at 661, this Court accepted the lawyer's concession that he had violated MLRPC 8.4(c), and stated that possession of drugs with the intent to distribute "generally results in disbarment." (Citation omitted).

Here, as to the duty violated and Greenleaf's mental state, Greenleaf intentionally solicited for sexual acts "Beth," whom he believed to be a fourteen-year-old or fifteen-

- 14 -

year-old girl.  In other words, Greenleaf deliberately preyed on, and intended to violate, a person whom he believed to be under the age of consent.

As to the potential injury caused by Greenleaf's misconduct, Greenleaf could have solicited a minor for sexual acts or sexually abused a minor if "Beth" had actually been a minor.  In other words, Greenleaf had the mindset to solicit, violate, mentally scar, and destroy the innocence of a child.  In this case, no injury actually occurred due to Greenleaf's misconduct only because "Beth" was not in reality a minor capable of being injured by Greenleaf.

Eight aggravating factors accompany Greenleaf's misconduct.  First, Greenleaf obviously had the selfish motive of sexual gratification.  Second and third, Greenleaf engaged in a pattern of egregious misconduct and committed multiple offenses by communicating with "Beth" on approximately one hundred fifty separate dates.  Fourth, Greenleaf has refused to acknowledge his misconduct's wrongful nature; indeed, Greenleaf: (a) outrageously asks us to give him "credit . . . for not taking matters further" with "Beth";[14] (b) attempts to shift the blame for his misconduct to his employer by contending that he was "trouble[ed]" at work because he had been transferred to a secluded office that was away from other employees; and (c) belittles his misconduct's egregiousness in a manner that is woefully inappropriate under the instant circumstances, *e.g.*, indicating that his actual plans for "Beth" were for the future.  Fifth, Greenleaf's

_____

[14]Disturbingly, Greenleaf goes so far as to state: "As [Greenleaf]'s record of accomplishments show, he has the capability and intelligence to arrange an assignation if he so desired."

victim, a purported minor, was vulnerable. Sixth, Greenleaf has substantial experience in the practice of law; he has been a lawyer for over thirty years, was a prosecutor for seventeen years, and at the time of the offense was serving as the Chief Deputy Clerk for the Court of Special Appeals. Seventh, Greenleaf has shown indifference to rehabilitating himself; the hearing judge did not find that Greenleaf had made any attempt to seek professional help. Eighth, Greenleaf engaged in illegal–indeed, criminal–conduct.

Only one mitigating factor accompanies Greenleaf's misconduct: the absence of a prior disciplinary record. We reject Greenleaf's contention that his misconduct is mitigated by such circumstances as the lack of: (1) in-person contact between himself and "Beth"; (2) child pornography; and (3) misconduct that arose out of representation of a client. A lawyer's misconduct is not mitigated by the lawyer's refraining from engaging in even more egregious and inappropriate misconduct. Similarly, we reject Greenleaf's contention that his misconduct is mitigated by other penalties in the form of being placed on probation and leaving his position as the Chief Deputy Clerk of the Court of Special Appeals. Receiving a sentence and losing one's job are the natural and foreseeable consequences of committing a crime, and crimes against children are among the most heinous crimes of all. Here, Greenleaf did not lose his job; he was permitted to retire. Greenleaf's misconduct is not mitigated by his being placed on probation or leaving his job.

We are more than satisfied that disbarment is the appropriate sanction for Greenleaf's egregious misconduct. Greenleaf deliberately solicited and preyed on a person whom he believed to be under the age of consent. Greenleaf had the intent to

violate, mentally scar, and destroy the innocence of a child. Greenleaf is a sexual predator who is a danger to the public and is "unfit to continue" to practice law. Gerace, 433 Md. at 649, 72 A.3d at 577 (citation omitted).

Sheinbein, Painter, and Dechowitz lead to the inescapable conclusion that disbarment is the appropriate sanction for Greenleaf's egregious misconduct. If disbarment is the appropriate sanction for an obstructionist, a domestic abuser, and a drug dealer, then disbarment certainly is also the appropriate sanction for a sexual predator like Greenleaf. The solicitation of minors is a deplorable crime that cannot be tolerated in our society, much less tolerated when committed by an attorney, employed by the Judiciary and using State-owned computer equipment to commit the crime in the workplace. Cf. Painter, 356 Md. at 302, 739 A.2d at 29 ("[D]omestic violence is a serious problem in our society." (Citation omitted)).

Our conclusion that disbarment is the appropriate sanction for Greenleaf's egregious misconduct is unassailable, given that: (1) Greenleaf violated MLRPC 8.4(c) by using his computer at the Robert C. Murphy Courts of Appeal Building to communicate with "Beth"; (2) Greenleaf communicated with "Beth" on approximately one hundred fifty separate dates; (3) there are eight aggravating factors, including a pattern of misconduct, refusal to acknowledge the wrongful nature of his misconduct, and indifference to rehabilitation; (4) the only mitigating factor is the absence of a prior disciplinary record; and (5) the Commission recommends that we disbar Greenleaf.

Greenleaf's reliance on Attorney Grievance Comm'n v. Childress, 364 Md. 48, 770 A.2d 685 (2001) is untenable. In Childress, id. at 64, 67, 52, 770 A.2d at 695, 696,

688, this Court adopted the Commission's recommendation by indefinitely suspending from the practice of law, with the right to apply for reinstatement after one year, a lawyer who violated MLRPC 8.4(d) by using the Internet to solicit minors for sex.[15] This Court acknowledged that the lawyer's "misconduct seriously undermined public confidence in the legal profession. The public is becoming increasingly aware that preying by adults on children via the Internet is a grave social problem." Childress, 364 Md. at 65, 770 A.2d at 695. Unlike in the instant attorney discipline proceeding, in Childress, this Court did not identify any aggravating factors, and we found the following mitigating factors: (1) the absence of a prior disciplinary record; (2) remorse; and (3) mental disability in the form of "major depressive episodes and . . . obsessive compulsive disorder[,]" and rehabilitation in the form of treatment by "a board-certified psychiatrist," who opined that: (a) the treatment was "a 'rousing success'"; (b) the lawyer was "'a different person' in comparison to when [the psychiatrist] first met" the lawyer; (c) "[t]here ha[d] been a 'tremendous decrease in [the lawyer's] obsessive-compulsive symptoms'"; (d) "there was 'an insignificant risk' that [the lawyer] would again" solicit minors for sex; and (e) the lawyer "d[id] not meet the DSM-IV[16] criteria for pedophilia or any other sexual disorder." Id. at 65-66, 770 A.2d at 695-96.

To be perfectly clear, we caution that Childress does not stand for the proposition

---

[15]In Childress, 364 Md. at 67, 770 A.2d at 696-97, this Court mandated that any application for reinstatement "address [the lawyer]'s then current psychiatric evaluation and describe any psychiatric treatment since the hearing[.]"

[16]"DSM-IV" stands for the Diagnostic and Statistical Manual of Mental Disorders, 4th Edition.

that, generally, solicitation of a minor merits a sanction that is less than disbarment. "The severity of the sanction depends on the circumstances of each case . . . and any mitigating factors." Attorney Grievance Comm'n v. Bocchino, 435 Md. 505, 536, 80 A.3d 222, 240 (2013) (citation and internal quotation marks omitted). Indeed, in Childress, this Court stated: (1) "we must . . . consider certain circumstances . . . that mitigate the sanction[,]" Childress, 364 Md. at 65, 770 A.2d at 695; and (2) an indefinite suspension was the appropriate sanction "[i]n light of all of the circumstances, including the recommendation of" the Commission. Id. at 67, 770 A.2d at 696.

For a myriad of critical reasons, we distinguish Childress from the instant attorney discipline proceeding. First, in Childress, the lawyer did not violate MLRPC 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation); by contrast, here, Greenleaf violated MLRPC 8.4(c) by using his computer at the Robert C. Murphy Courts of Appeal Building to solicit "Beth." Second, in Childress, this Court did not find any aggravating factors; by contrast, here, we find eight aggravating factors, including a pattern of misconduct, refusal to acknowledge the wrongful nature of his misconduct, and indifference to rehabilitation. Third, in Childress, 364 Md. at 65-66, 770 A.2d at 695-96, this Court found three mitigating factors: (1) the absence of a prior disciplinary record; (2) remorse; and (3) mental disability in the form of "major depressive episodes and . . . obsessive compulsive disorder[,]" and rehabilitation in the form of treatment by "a board-certified psychiatrist"; by contrast, here, the only mitigating factor is the absence of a prior disciplinary record. Fourth, in Childress, id. at 64, 770 A.2d at 695, oddly, the Commission did not recommend disbarment; by contrast, here, the Commission

- 19 -

recommends disbarment.

Fifth–and perhaps most importantly–in Childress, id. at 64, 770 A.2d at 694, although this Court held that the lawyer violated a Virginia statute that criminalized solicitation of minors,[17] this Court did not determine whether the lawyer violated MLRPC 8.4(b) (Criminal Act).  In Childress, id. at 51, 770 A.2d at 687, the Commission charged the lawyer with violating only MLRPC 8.4(d); thus, this Court did not determine whether the lawyer violated any other MLRPC.  In other words, in Childress, this Court was silent as to whether the lawyer committed a criminal act that adversely reflected on the lawyer's fitness to continue to practice law.  Accordingly, in Childress, this Court did not apply the proposition that, generally, disbarment is the appropriate sanction for a lawyer's misconduct where the lawyer commits a crime that establishes that the lawyer is unfit to continue to practice law.  See Sheinbein, 372 Md. at 261, 249-50, 812 A.2d at 1002, 995-96 (This Court disbarred a lawyer who committed the crime of obstructing and hindering a police officer by helping a murder suspect flee the country.); Painter, 356 Md. at 307, 305, 739 A.2d at 32, 31 (This Court disbarred a lawyer who committed the crimes of battery and illegally transporting a handgun; the lawyer had abused his spouse and child.); Dechowitz, 358 Md. at 193, 186, 747 A.2d at 661, 658 (This Court disbarred a lawyer who committed the crime of possession of marijuana with the intent to distribute.).  By contrast, here, Greenleaf violated MLRPC 8.4(b) by violating CR § 3-324(b); in other words, Greenleaf committed a crime that establishes that he is unfit to

---

[17]The General Assembly of Maryland did not enact CR § 3-324 until years after the lawyer in Childress used the Internet to solicit minors for sex.

continue to practice law.[18]

Although Greenleaf does not expressly rely on either case, we discuss and distinguish Attorney Grievance Comm'n v. Thompson, 367 Md. 315, 329-31, 786 A.2d 763, 772-73 (2001) and Attorney Grievance Comm'n v. Mitchell, 308 Md. 653, 655, 521 A.2d 746, 747-48 (1987), in which this Court adopted the Commission's recommendations by indefinitely suspending lawyers who violated MLRPC 8.4(b) (or the predecessor to MLRPC 8.4(b)). In Thompson, 367 Md. at 329, 786 A.2d at 772, the lawyer stalked a thirteen-year-old boy. This Court noted only one aggravating factor: vulnerability of the victim. See id. at 331, 786 A.2d at 773. This Court noted that the following four mitigating factors "prevented disbarment": (1) the absence of a prior disciplinary record; (2) remorse; (3) cooperative attitude towards the attorney discipline proceeding; and (4) mental disability in the form of "nonexclusive homosexual Ephebophilia[,]" which "involves a sexual attraction to pubescent boys[,]" and rehabilitation in the form of "treatment for his disorder and . . . limit[ing] his contact with children." Thompson, 367 Md. at 331, 320, 786 A.2d at 773, 766-67 (footnote omitted). In Mitchell, 308 Md. at 654, 521 A.2d at 747, the lawyer fellated a thirteen-year-old boy. This Court did not note any aggravating factors, and noted one mitigating factor: mental disability in the form of "manic depressive reaction disorder and compulsive homosexual pedophilia[,]" and rehabilitation in the form of "extensive treatment[.]" Id. at 654, 521

---

[18]In addition to Childress, Greenleaf relies on the Commission's 2011 reprimand of an attorney "for conduct implicating [CR] §11-306" (House of Prostitution). A reprimand by the Commission does not constitute precedent, and thus does not bind this Court in subsequent attorney discipline proceedings.

A.2d at 747 (internal quotation marks omitted).  In contrast to Thompson and Mitchell, here, Greenleaf violated MLRPC 8.4(c) by using one of the Maryland Judiciary's computers to solicit "Beth"; Greenleaf's misconduct is accompanied by eight aggravating factors, such as a pattern of misconduct, refusal to acknowledge the wrongful nature of his misconduct, and indifference to rehabilitation; there is a sole mitigating factor (*i.e.*, the absence of a prior disciplinary record); the hearing judge did not find that Greenleaf had been diagnosed with any mental disability; and the Commission forcefully recommends that we disbar Greenleaf, identifying him as "a sexual predator" in its written recommendation and at oral argument.

In sum, we agree.  Greenleaf is, indeed, a sexual predator who is a danger to the public and is "unfit to continue" to practice law.  Gerace, 433 Md. at 649, 72 A.3d at 577 (citation omitted).  For the above reasons, we disbar Greenleaf.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16-761(b), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST ROBERT JOHN GREENLEAF.**