REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2188

September Term, 2015

_____

DENISE KOWALCZYK

v.

MARK BRESLER

_____

Graeff,
Friedman,
Eyler, James R.,
   (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Eyler, James, R., J.
_____

Filed:  December 2, 2016

\*

This appeal arises from an order dated December 3, 2015, entered by the Circuit Court for Montgomery County, granting an emergency petition for contempt filed by Mark Bresler, appellee, against Denise Kowalczyk, appellant. The court found that appellant had violated conditions set forth in the court's prior orders governing appellant's visitation with the parties' minor child, whom we shall refer to as "M."

On appeal, appellant presents the following questions for our review, which we consolidated and rephrased[1]:

1. Did the circuit court err by finding appellant in constructive civil contempt and imposing a punitive purge provision?

2. Did the court impermissibly modify its prior visitation orders?

We answer the questions in the affirmative. For the reasons set forth below, we vacate the circuit court's order of contempt.

## BACKGROUND

The parties have one child, M., who was born on May 9, 2002. In 2002, a California court entered a decree, awarding primary physical custody of M. to appellant. On March 3, 2011, the decree was registered in Maryland. Thereafter, the parties and court appointed

---

[1] Appellant phrased the questions:

1. Did the trial court commit legal error by ordering that Kowalczyk be punished for past conduct in the guise of a constructive civil contempt order?
2. Did the trial court commit legal error by conflating "purge" with punishment in a constructive civil contempt order?
3. Did the trial court commit legal error by modifying the custody of a child without finding that there had been a material change in circumstances, that a modification was in the best interests of the child, and without first giving Kowalczyk notice and reasonable opportunity to be heard?

1

best interests attorney filed numerous motions and petitions for contempt. It is unnecessary to review those filings and court rulings in detail.

The parties agreed to share legal custody, reflected in a consent order entered on April 16, 2012. On July 17, 2014, on behalf of M., the best interests attorney filed a motion to modify legal custody, requesting that appellee be awarded sole legal custody of M. In December 2014, the court awarded sole legal custody to appellee.

Shortly thereafter, appellee filed a motion to modify physical custody and visitation. On October 13, 2015, following a two-day evidentiary hearing, the court issued an order awarding primary physical custody to appellee and ordering that appellant's visitation with M. be supervised. On October 21, 2015, the court issued a separate visitation order entitled "TEMPORARY ACESS ORDER." The order provided as follows.

> **ORDERED**, that pending further Order of the Court, [appellee's] Motion to Modify Visitation … shall be GRANTED on a temporary basis as set forth below; and it is further
>
> **ORDERED**, that [appellant's] visitation with [M.] … shall be supervised by the Court's supervised visitation program pursuant to the Court's Order of Referral …; and it is further
>
> **ORDERED**, that in the event the Court is unable to accommodate the parties' participation in the supervised visitation program, [appellant] will have two hours of supervised visitation with [M.] every other weekend, on either Saturday or Sunday, with a supervisor to be chosen by [appellee]; and it is further
>
> **ORDERED**, in addition, that [appellant] will be entitled to a video telephone call with [M.] two times per week for up to 15 minutes at a time, and these video telephone calls are to be monitored by [appellee], who may suspend any one call if [appellant] communicated anything derogatory about [appellee] to [M.], or communicates anything that might reasonably be viewed as trying to undermine [M.'s] relationship with [appellee]; and it is further

2

**ORDERED**, that within the next 60 days, [appellant] undergo a psychological evaluation … and it is further

**ORDERED,** that the parties shall appear in court for a review hearing on January 12, 2016 at 9:30 a.m.

On November 4, 2015, appellant filed an emergency petition for contempt and for other relief. He alleged that appellant had violated the October 13 and 21 orders (the visitation orders).

At the contempt hearing on December 1, 2015, appellee introduced into evidence, *inter alia*, a copy of text messages between appellant and M. sent through a Play Station 4 gaming console. The court found that appellant had violated the visitation orders by engaging in unsupervised text messaging. By order dated December 3, 2015, the court found appellant in contempt of the visitation orders and further ordered that "[t]o purge herself of contempt, [appellant] must abide by the modified provisions of the [visitation orders] as set forth below…." In the next paragraph of the December 3 order, the court modified the visitation orders "on a temporary basis, such that [appellant] shall not have any visitation or access or contact, of any kind, with the minor child, [M.],... until further order of the Court." With respect to this modification, it is clear from the transcript of the hearing that the court relied on Maryland Code (1994, 2012 Repl. Vol, 2015 Supp.), § 9-105 of the Family Law Article (FL) as authority.

## DISCUSSION

Appellant contends that the circuit court improperly used constructive civil contempt as a basis to punish her for her alleged prior misconduct. With respect to the

3

modification of the visitation orders, she contends that the statute is inapplicable because (1) the modification occurred in a contempt proceeding, not a custody proceeding; (2) she did not interfere with the visitation rights of another; (3) the court did not add terms or conditions to the order designed to ensure future compliance with the order; (4) the court did not find a change in circumstances or that the modification was in the best interests of M; and (5) she did not receive proper notice that it was a modification proceeding.

Appellee responds that the trial court's finding of contempt was supported by the evidence, and that the contempt order was a permissible ancillary order designed to "encourage a greater degree of compliance" with the access order. Additionally, he maintains that the contempt order constituted a permissible modification of the custody order pursuant to FL § 9-105.

A proceeding for civil contempt is "intended to preserve and enforce the rights of private parties to a suit and to compel obedience to orders and decrees primarily made to benefit such parties." *Marquis v. Marquis*, 175 Md. App. 734, 745-46 (2007) (quoting *State v. Roll and Scholl*, 267 Md. 714, 728 (1973)). "Civil contempt proceedings are generally remedial in nature, and are intended to coerce future compliance." *Id.* (citing *Bahena v. Foster*, 164 Md. App. 275, 286 (2005)). In order for a penalty for civil contempt to be coercive rather than punitive, it must provide for purging that permits the defendant to avoid the penalty by some specific conduct that is within the defendant's ability to perform. *Bryant v. Howard Cnty. Dep't Soc. Servs. ex. rel. Costley*, 387 Md. 30, 46 (2005).

Generally, this Court will not disturb a contempt order absent an abuse of discretion or a clearly erroneous finding of fact upon which the contempt was imposed. *Gertz v. Md.*

*Dept. of Env't*, 199 Md. App. 413, 424 (2011)(citations omitted). But where the order involves an interpretation and application of statutory and case law, we must determine whether the circuit court's conclusions are "legally correct" under a *de novo* standard of review. *See Walter v. Gunter*, 367 Md. 386, 391-92 (2002).

## I.

We agree with appellant that the purge provision was in fact punishment for her past failure to comply with the October 13 and 21 visitation orders. Any order imposing a penalty in a civil contempt action must include a purging provision with which the contemnor has the present ability to comply. *Elzey v. Elzey*, 291 Md. 369, 374 (1981) (citations omitted). A lawful purge provision "affords the defendant the opportunity to exonerate him or herself, that is, to rid him or herself of guilt and thus clear him or herself of the charge … [i]n this way, a civil contemnor is said to have the keys to the prison in his own pocket." *Jones v. State*, 351 Md. 264, 281 (1998) (quotations and citations omitted).

Here, the sanction was the suspension of visitation. There was no way for appellant to perform some act and thereby avoid the sanction. *Gertz,* 199 Md. App. 413, illustrates the difference between coercive effect and punishment. In that case, in 2000, the Department of the Environment (DOE) filed a complaint, alleging that Gertz had violated environmental protection laws in operating a solid waste disposal facility without a permit. 199 Md. App. at 419. In 2002, the trial court found a violation, imposed fines, and ordered Gertz to close the facility within 6 months unless he first obtained a permit. *Id.* at 419-20. In 2004, the court found Gertz in contempt of the 2002 order and, pursuant to a consent order, set a new schedule for closure, including specific steps to be taken leading to the

5

closure. *Id*. at 420-21. In 2009, by consent order, the court again changed the schedule and ruled that closure was to occur by March 15, 2009 and Gertz was required to conduct inspections of the closed facility for five years thereafter. *Id*. at 422. On June 29, 2009, the trial court again held a contempt hearing and found Gertz in contempt of the 2004 order. *Id*. The court ordered Gertz to pay a fine pursuant to the agreed terms of the 2004 order but imposed an additional fine, which was suspended pending compliance with the inspection requirements contained in the 2009 consent order. *Id*. On appeal, *inter alia*, Gertz argued that the non-suspended fine was based on past conduct, *i.e*., the failure to timely close the facility, which was closed before the June 2009 order. *Id*. at 425. This Court upheld that portion of the order because the fine was imposed pursuant to Gertz's consent. *Id*. at 427-28. In the 2004 order, Gertz consented to future penalties for noncompliance. *Id*. at 427. What is relevant to the matter before us is that Gertz made the same argument with respect to the suspended fine. In upholding the finding of contempt and the sanction, this Court explained that it was remedial in nature because Gertz could comply with the inspection requirements in the 2009 order that he had the ability to perform, and avoid paying the fine. *Id.* at 428.

Here, there was no similar prior consent order and no ability to comply with the purging provision and, by doing so, avoid the sanction. The purging provision was the sanction. *See Dodson v. Dodson,* 380 Md. 438, 452 (2004) (civil contempt was not a proper sanction for husband's failure to pay insurance premium that resulted in lapsed insurance policy); *Jones*, 351 Md. at 279 (two year term of incarceration for failure to pay child support in civil contempt proceeding was punitive and therefore unlawful as it did not allow

6

for purging); *Stevens v. Tokuda,* 216 Md. App. 155, 173 (2014) (law requires a present ability to comply with the purge condition and a willful choice by appellant not to comply in spite of that ability); *Betz v. State,* 99 Md. App. 60, 64-65 (1994) (court's issuance of a punitive sanction of $250 fine for attorney's failure to timely file pretrial sentence report order rendered action one for criminal contempt rather than civil contempt).  Thus, the contempt sanction of no visitation must be vacated.

Ordinarily, there cannot be a finding of contempt unless the contemnor has the present ability to comply with a proper purging provision.  *Dodson*, 380 Md. at 450 (2004).  Consequently, we vacate the finding of contempt as well as the sanction.

## II.

Appellant contends that the circuit court's December 3 order was an illegal modification of the visitation orders.  Appellee maintains that the circuit court's order "merely provided a temporary modification and clarification until a further review hearing in one month's time, as permitted by Fam. Law § 9-105."

FL § 9-105 provides:

In any custody or visitation proceeding, if the court determines that a party to a custody or visitation order has unjustifiably denied or interfered with visitation granted by a custody or visitation order, the court may, in addition to any other remedy available to the court and in a manner consistent with the best interests of the child, take any or all of the following actions:

(1) order that the visitation be rescheduled;

(2) modify the custody or visitation order to require additional terms or conditions designed to ensure future compliance with the order; or

(3) assess costs or counsel fees against the party who has unjustifiably denied or interfered with visitation rights.

7

With respect to appellant's argument as to notice, as appellee observes, his emergency petition for contempt referenced FL § 9-105 and requested a temporary modification of the court's prior order, *i.e.*, a suspension of all visitation by appellant pending further order. On the other hand, as appellant observes, at the beginning of the December 1, 2015 hearing, the court stated that the hearing was scheduled "only in regard to contempt and not for the other features of the relief that you've asked for." We need not decide the question of notice, however, because we vacate the modification on other grounds.

As argued by appellant, the plain language of the statute is directed at a party who interferes with another party's right of visitation. That is not what occurred here. The issue was unauthorized contact by the party who had the right of visitation.

Additionally, the court made no finding relating to the best interests of M. As part of a contempt proceeding, a court may issue "ancillary orders for the purpose of facilitating compliance or encouraging a greater degree of compliance with court orders." *Dodson,* 380 Md. at 448. When the order involves a change to custody, however, the court must engage in a procedural analysis before making a custody modification. *Gillespie v. Gillespie,* 206 Md. App. 146, 170 (2012). The best interests of the child is the paramount concern in the trial court's decision to modify custody. *Wagner* v. Wagner, 109 Md. App. 1, 28-29 (2000). Section 9-105 itself requires that a modification be consistent with the best interests of the child.

The court's explanation for the temporary modification was as follows.

8

> I think that the plaintiff has proven a deliberate and willful violation of the court's order in that mom has been communicating with [M.] ongoing despite and in fact in the face of and contrary to the court's order. And so I will find her in contempt.
>
> And so to purge that, what I am going to do is as follows. I think what the statute gives me the authority to do, and I'm looking at 9-105, whether it is that or whether it is—I think that is the authority. I do have the authority, given the fact that there has been interference with the court's order to modify the order. And that is what I am going to do. I am also going to order it as a purge provision. To purge the contempt that I have found, I will modify my existing order on a further temporary basis and I will order that [M.] have no contact whatsoever with his mother until we have our next hearing in January.

The circuit court made no findings regarding the best interests of M. Appellee argues that the circuit court's modification was proper because it "arose from" the circuit court's findings of October 13, 2015 regarding appellant's fitness as a parent and concerns about her relationship with M. Those findings were in the context of awarding primary physical custody and supervised visitation, however. They were not in the context of denying all visitation. At the minimum, the court had to find that suspending all visitation was not contrary to the best interests of the child.

**CONTEMPT ORDER DATED DECEMBER 3, 2015 ENTERED BY THE CIRCUIT COURT FOR MONTGOMERY COUNTY VACATED.**
**COSTS TO BE PAID BY THE APPELLEE.**

9