*Breona C. v. Rodney D.*, No. 0299, September Term, 2021.
Opinion by Fader, C.J.

**CONTEMPT — CIVIL CONTEMPT — NATURE AND ELEMENTS OF CONTEMPT — ACTS OR CONDUCT CONSTITUTING CONTEMPT OF COURT**

An order holding a person in constructive civil contempt must:  (1) impose a  sanction; (2) include a purge provision that gives the contemnor the opportunity to avoid the sanction by taking a definite, specific action of which the contemnor is reasonably capable; and (3) be designed to coerce the contemnor's future compliance with a valid legal requirement rather than to punish the contemnor for past, completed conduct.

Circuit Court for Montgomery County
Case No. 129247FL

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 0299

September Term, 2021

_____

BREONA C.

v.

RODNEY D.

_____

Fader, C.J.,
Nazarian,
Arthur,

JJ.

_____

Opinion by Fader, C.J.

_____

Filed: November 17, 2021

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

An order holding a person in constructive civil contempt must satisfy certain basic requirements, including that it must: (1) impose a sanction; (2) include a purge provision that gives the contemnor the opportunity to avoid the sanction by taking specific action of which the contemnor is reasonably capable; and (3) be designed to coerce the contemnor's future compliance with a valid legal requirement rather than punish the contemnor for past, completed conduct. Here, the Circuit Court for Montgomery County issued an order holding the appellant, Breona C. ("Mother"), in constructive civil contempt for violating a provision of her custody arrangement with the appellee, Rodney D. ("Father"). Because the order did not satisfy any of the three identified requirements, we must reverse it.

## BACKGROUND

Mother and Father are the parents of a six-year-old child ("Child"). In December 2019, the circuit court modified the parties' pre-existing custody arrangement and granted (1) Father primary physical custody of Child and (2) Mother parenting time with Child every weekend ("December 2019 Custody Order"). This arrangement remained in effect through the date of the March 2021 contempt hearing in this case.

On Saturday, August 1, 2020, Mother picked Child up from Father for the weekend. After the weekend was over, out of concern for Child's health and safety, Mother did not return Child to Father as required by the December 2019 Custody Order.[1]

On Monday, August 3, Father filed an emergency petition to hold mother in contempt for violating the custody order. The following day, Mother sought and was

---

[1] Mother's specific reasons for withholding Child from Father during his custodial time are not relevant to our analysis.

granted a temporary protective order that gave her temporary custody of Child. On August 24, the circuit court denied Mother's petition for a final protective order, thereby restoring the December 2019 Custody Order.

Despite the circuit court's ruling, Mother did not immediately return Child to Father. As a result, on August 27, Father filed an emergency motion for custody. The following day, the circuit court ordered Mother to return Child to Father under a temporary custody arrangement. Mother did so. From then through the March 2021 hearing, Mother was in compliance with the December 2019 Custody Order.

On February 22, 2021, Mother moved to dismiss Father's contempt petition. On March 31, the circuit court held a hearing on both Father's contempt petition and Mother's motion to dismiss. After the hearing, the court denied Mother's motion to dismiss, granted Father's petition, and held Mother "in contempt for violating the December 18, 2019 Custody Order" by not returning Child immediately once the final protective order was denied on August 24, 2020. The written contempt order does not identify a sanction but provides that Mother "may purge this contempt by strictly following and complying with the ongoing December 18, 2019 Custody Order." This timely appeal followed.

## DISCUSSION

### THE CIRCUIT COURT ABUSED ITS DISCRETION BY ISSUING AN IMPROPER ORDER OF CONSTRUCTIVE CIVIL CONTEMPT.

Mother argues that the circuit court's contempt order must be reversed because it punishes past, completed conduct, and because it includes an impermissible "forever

2

purge" provision that does not actually permit Mother to purge the contempt.[2]  We agree with Mother and reverse the order of contempt.

"[T]his Court will not disturb a contempt order absent an abuse of discretion or a clearly erroneous finding of fact upon which the contempt was imposed." *Kowalczyk v. Bresler*, 231 Md. App. 203, 209 (2016).  A trial court abuses its discretion when its decision encompasses an error of law, *Schlotzhauer v. Morton*, 224 Md. App. 72, 84-85 (2015), which this Court reviews without deference, *Walter v. Gunter*, 367 Md. 386, 392 (2002).

The contempt order under review is an order of constructive civil contempt. Constructive, as opposed to direct,[3] contempt is contempt that occurs outside of "the presence of the judge presiding in court or so near to the judge as to interrupt the court's proceedings."  Md. Rule 15-202; *see also County Comm'rs for Carroll County v. Forty West Builders, Inc.*, 178 Md. App. 328, 393 (2008) (quoting *In re Lee*, 170 Md. 43, 47 (1936) ("[C]onstructive contempts are those which do not occur in the presence of the court, or near it, . . . but at some other place out of the presence of the court and beyond a place where the contempt would directly interfere with the proper functioning of the court.")).  Civil, as opposed to criminal, contempt proceedings are those that are "intended to preserve and enforce the right of private parties to a suit and to compel obedience to orders and decrees primarily made to benefit such parties." *Forty West Builders, Inc.*, 178 Md. App. at 393 (quoting *Archer v. State*, 383 Md. 329, 345 (2004)).  "[T]he purpose of

---

[2] Father did not submit an appellate brief.

[3] Direct contempt proceedings are governed by Rule 15-203.

3

civil contempt is to coerce present or future compliance with a court order, whereas imposing a sanction for past misconduct is the function of criminal contempt." *Dodson v. Dodson*, 380 Md. 438, 448 (2004) ("[T]he law concerning contempt is clear, and [] the purpose of civil contempt is to coerce present or future compliance with a court order, whereas imposing a sanction for past misconduct is the function of criminal contempt.").

The coercive mechanism of an order of constructive civil contempt is the imposition of a sanction that the contemnor is able to avoid by taking some definite, specified action of which the contemnor is reasonably capable. *See Bryant v. Howard County Dep't of Soc. Servs. ex rel. Costley*, 387 Md. 30, 46 (2005) ("[A] penalty for civil contempt, if it is to be coercive rather than punitive, must provide for purging; it must permit the defendant to avoid the penalty by some specific conduct that is within the defendant's ability to perform."). A written order making a finding of civil contempt must therefore "specif[y] the sanction imposed for the contempt," and "specify how the contempt may be purged." Md. Rule 15-207(d); *see also Fisher v. McCrary Crescent City, LLC*, 186 Md. App. 86, 120 (2009) ("Following a finding of contempt, the court must issue a written order specifying (1) the coercive sanction imposed for the contempt, and (2) how the contempt may be purged.").

In sum, an order holding a person in constructive civil contempt is not valid unless it: (1) imposes a sanction; (2) includes a purge provision that gives the contemnor the opportunity to avoid the sanction by taking a definite, specific action of which the contemnor is reasonably capable; and (3) is designed to coerce the contemnor's future compliance with a valid legal requirement rather than to punish the contemnor for past,

4

completed conduct. Moreover, and critical to our analysis here, to serve the coercive purpose of civil contempt, the sanction must be distinct from the purge provision and the valid legal requirement the court seeks to enforce. If the sanction imposed is a requirement to take the very action the court says will purge the contempt, then undertaking the purge action necessarily completes, rather than avoids, the sanction. *See Kowalczyk*, 231 Md. App. at 211. And if the sanction imposed is to act in accord with the same legal requirement with which the court seeks to coerce compliance, there is no coercive mechanism at all. Instead, there is just a second order directing compliance with an existing order.

With that in mind, we hold that the circuit court's order of civil contempt must be reversed. First, the order lacks a valid sanction. The court did not impose on Mother a fine, period of incarceration, or any other penalty. Indeed, the only obligation the court imposed on Mother in the order was the purported purge provision, which required Mother to comply in perpetuity with the December 2019 Custody Order. In that respect, the order was identical to the order this Court reversed in *Kowalczyk*, which had required the contemnor to "abide by" the visitation orders at issue to "purge herself of contempt." 231 Md. App. at 208. As we concluded there, where the purge provision *is* the sanction, there is no ability to purge the contempt and the order cannot be sustained.[4] *Id.* at 210-11.

---

[4] To be sure, a court may attempt to coerce compliance with an existing court order by a litigant who is not in compliance with it without imposing a present sanction. For example, a court may inform a litigant that continued noncompliance may result in the court imposing a future civil contempt order that will contain a sanction. But a court may not issue an order holding a litigant in civil contempt that does not include a permissible sanction, a valid purge provision, and a design to coerce compliance.

Second, the order lacks a valid purge provision. "In order for a penalty for civil contempt to be coercive rather than punitive, it must provide for purging that permits the defendant to avoid the penalty by some specific conduct that is within the defendant's ability to perform." *Id.* at 209. A lawful purge provision affords the opportunity for exoneration, "to rid [the defendant] of guilt . . . . [I]n this way, a civil contemnor is said to have the keys to the prison in [the contemnor's] own pocket." *Id.* at 210 (quoting *Jones v. State*, 351 Md. 264, 281 (1998)). Here, the perpetual obligation to comply with the December 2019 Custody Order is not a valid purge provision because it does not permit Mother to avoid a defined sanction by engaging in specific conduct.

Third, the order punishes past noncompliance rather than compelling future compliance. "[A] party generally may not be held in constructive civil contempt for delayed compliance with a court order if [the party] has complied with the order prior to the contempt finding." *State v. Crawford*, 239 Md. App. 84, 125 (2018). "Holding the party in civil contempt at that point does not have the effect of coercing compliance, but rather, of punishing the party for the past failure to comply." *Id.* Instead, "imposing a sanction for past misconduct is the function of criminal contempt."[5] *Dodson*, 380 Md. at

---

[5] A constructive criminal contempt proceeding, which is "intended to 'punish for past misconduct, which may no longer be capable of remedy,'" *Crawford*, 239 Md. App. at 110 (quoting *Bradford v. State*, 199 Md. App. 175, 193 (2011)), must be accompanied by a bevy of procedural protections that are not applicable to a proceeding for civil contempt, including: (1) it must be "docketed as a separate criminal action," rather than being included in the "action in which the alleged contempt occurred," Md. Rule 15-205(a); (2) it can be instituted only by the court, by filing an order directing issuance of a summons or warrant, or by the State's Attorney, the Attorney General, or the State Prosecutor, by filing a petition, Md. Rule 15-205(b); (3) the order or petition instituting the proceeding must satisfy the formal requirements for a charging document set forth in Rule 4-202(a),

6

448. Here, no order of constructive civil contempt could have been imposed on Mother at the time of the March 2021 hearing because, by that point, she had been in compliance with the December 2019 Custody Order for several months. Moreover, even if there had been any ongoing noncompliance, the court's order was impermissibly based only on a finding of past, completed contempt from August 2020.[6]

Of course, the various deficiencies in the order of constructive civil contempt here were all interrelated: The court could not find a sanction to impose to coerce Mother to comply with an order with which she was already in compliance; the court could not craft a valid provision to purge a non-existent sanction; and, where the court's focus was on past, completed noncompliance with its order, neither a forward-looking sanction nor purge provision could come into play.

Mother posits that the circuit court had mechanisms other than contempt at its disposal to address her past, completed noncompliance with the terms of the December 2019 Custody Order, including awarding Father make-up time, altering the terms of the custody order itself, or imposing an award of attorneys' fees. We need not discuss here

and must "be served, along with a summons or warrant, in the manner specified in Rule 4-212", Md. Rule 15-205(d); (4) the defendant in a criminal contempt proceeding has a right to counsel and the waiver provisions in Rule 4-215 apply to the proceeding, Md. Rule 15-205(e); and (5) the defendant in a criminal contempt proceeding has a right to a jury trial and the waiver provisions in Rule 4-246 apply to the proceeding, Md. Rule 15-205(f).

[6] We are not confronted here with a situation in which a party is engaged in a continuing or repetitive pattern of conduct in violation of a court order that, due to its continuing or repetitive nature, could reasonably be found to be ongoing at the time of a contempt hearing even if the putative contemnor is not technically out of compliance with the order at the moment of the hearing. We do not foreclose the possibility that an order of constructive civil contempt could be issued in such a circumstance.

7

precisely what other remedies were available to address Mother's past, completed noncompliance. All we decide today was that civil contempt was not among them. Accordingly, we will reverse the court's order of constructive civil contempt.[7]

> **ORDER OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED; COSTS TO BE PAID BY APPELLEE.**

---

[7] Mother asks this Court to remand with instructions to transfer this matter to another judge. Absent a showing of bias, parties may not expect their case to be transferred on remand simply because they do not agree with the judge's rulings. *See Att'y Grievance Comm'n of Maryland v. Shaw*, 363 Md. 1, 11 (2001). Mother has not identified any basis of support for her request for this Court to direct the reassignment of this case and we decline to do so.

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/0299s21cn.pdf